Michael MARTINEZ, Appellant,

v.

The STATE of Texas.

No. 1638–97.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 9, 1998.

Lisa Harris, Corpus Christi, for appellant.

James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was charged with burglary of a vehicle in 1992, to which he pled guilty. As part of his plea bargain, the finding of guilt was deferred, and appellant was placed on probation for five years. The trial court later extended the period of probation after a hearing on a motion to revoke. Upon a subsequent motion to revoke, the trial court found that appellant had violated the conditions of his probation, adjudicated his guilt, and assessed appellant's punishment at ten years of confinement. The Court of Appeals reversed appellant's conviction, holding that appellant's initial plea of guilty was not voluntarily made because he was incorrectly admonished as to the maximum range of punishment for his offense. *Martinez v. State,* 953 S.W.2d 804 (Tex.App.—Corpus Christi 1997). We granted the State's petition for discretionary review to consider whether the Court of Appeals erred in finding that appellant's plea was involuntary.

Appellant pled guilty to a third degree felony under which he faced a range of punishment from two to ten years. Tex. Penal Code Ann. § 12.34. Appellant signed written admonishments in conjunction with his plea of guilty, which were part of a form containing spaces for the appropriate minimum and maximum length of imprisonment. Appellant was correctly informed that he was subject to a maximum sentence of ten years and a minimum of two. However, the rote language of the form also indicated the possibility of a life sentence, applicable only when the offense is a first degree felony, and that language was not stricken from the written admonishments. Thus, the admonishment that appellant signed indicated that the punishment for a third degree felony was "confinement in prison for life or for any term of not more than 10 years or less than 2 years." In making oral admonishments, the trial court inquired as to whether appellant was aware of the range of punishment applicable in his case, but did not iterate the actual range of imprisonment he faced.

In its review of this case, the Court of Appeals determined that the admonishments given to appellant in regard to the range of punishment substantially complied with those required by Tex.Code Crim. Proc. Ann. Art. 26.13.[1] *Martinez v. State,* 953 S.W.2d at 807. However, in examining the record as a whole, the Court of Appeals determined that appellant could not have been fully aware of the consequences of his plea because he was erroneously admonished that the maximum punishment he risked was life imprisonment. *Id.* at 807. Consequently, the Court of Appeals determined that appellant was harmed and had met his burden in demonstrating that his plea was involuntary. *Id.*

We agree with the Court of Appeals' determination that the trial court's admonishments substantially complied with the requirements of the Code of Criminal Procedure. However, we disagree that appellant has affirmatively shown that he was not aware of the consequences of his plea and that he was misled or harmed, such that the

---

1. The pertinent sections of Art. 26.13 state:
   (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
     (1) the range of punishment attached to the offense;
   * * *

   (c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

plea was rendered involuntary. Appellant's contention that he was incorrectly admonished regarding the maximum punishment which could be assessed is supported by the record. In admonishing a defendant, however, substantial compliance by the trial court is deemed sufficient unless the defendant was not aware of the consequences of his plea and was misled or harmed by the admonishment. TEX.CODE CRIM. PROC. ANN. Art. 26.13(c). Whether the given admonishments are in substantial compliance with the required warnings is an issue that should be considered when the trial court has addressed the admonishment in some form or fashion. *Cain v. State*, 947 S.W.2d 262, 267 (Tex.Crim. App.1997). When a record shows that the trial court delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained. *Robinson v. State*, 739 S.W.2d 795 (Tex.Crim.App.1987).

Here, Appellant was improperly admonished that he faced a punishment range of life or two to ten years. Appellant ultimately received a ten year sentence, which is well short of life and lies squarely within both the actual and misstated range. Consequently, the trial court's admonishments attained a level of substantial compliance with the required admonishments.

 A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily. *Ex parte Gibauitch*, 688 S.W.2d 868 (Tex.Crim.App.1985). A defendant may still raise the claim that his plea was not voluntary; however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Id.* at 871. We find that appellant failed to meet his burden to demonstrate that his plea was not voluntary.

Appellant claims that he was unable to fully appreciate the consequences of his plea in light of the erroneous admonishment that he could face up to a life sentence. In considering the voluntariness of a guilty plea, the court should examine the record as a whole. *Williams v. State*, 522 S.W.2d 483,

485 (Tex.Crim.App.1975). The only support in the record for appellant's contention that his plea was involuntary is the incorrect admonishment form. The record contains no evidence which tends to indicate that appellant was actually harmed or misled in making his determination to enter a guilty plea.

We find that appellant has not demonstrated that he relied on the incorrect portion of the admonishment in choosing to enter a plea of guilty. Thus, he fails to sustain his claim that his plea was not voluntary. We conclude the Court of Appeals erred in finding appellant's plea was involuntary. The judgment of the Court of Appeals is reversed, and appellant's conviction is affirmed.

OVERSTREET, J., concurs in result only.