Opinion issued on July 31, 2002


 



 





In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01310-CR






TARA LYNETTE ROBERTSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 838373






O P I N I O N 

 Without an agreed recommendation, appellant, Tara Lynette Robertson, pled
guilty to fraudulent use or possession of identifying information. (1) The trial court
found appellant guilty and assessed punishment at 20-months confinement and a fine
of $5000. In two points of error, appellant claims (1) the trial court erred in
sentencing her and (2) her plea of guilty was involuntary because the trial court failed
to properly admonish her. We affirm.

 Sentencing Error

 In her first point of error, appellant claims her sentence violates the prohibition
against multiple punishments for the same offense (2) because she had previously been
convicted in federal court of one count of social security fraud, and her conduct that
is the subject of the present case increased the sentence she received in the federal
court conviction. In response, the State points out that appellant's assertions are not
supported by the record. We agree.

 Appellant has attached to her brief an appendix of documents from the federal
proceedings, including federal sentencing guidelines and the federal presentence
investigation report. These documents are outside the record and cannot be
considered on appeal. Tex. R. App. P. 38.1(h); see Thompson v. State, 612 S.W.2d
925, 929 (Tex. Crim. App. 1981); Garrett v. State, 566 S.W.2d 605, 609 (Tex. Crim.
App. 1978).

 We overrule appellant's first point of error. (3)

 Improper Admonishment

 In her second point of error, appellant claims the trial court erred by improperly
admonishing her before she entered her plea of guilty. Specifically, appellant claims
that "she was misled to [believe] that she will receive misdemeanor time when that
range of punishment was legally unavailable." Appellant also claims that because she
was improperly admonished as to the range of punishment, her plea was involuntary.

 According to article 26.13(a)(1) of the Texas Code of Criminal Procedure,
"[p]rior to accepting a plea of guilty or a plea of nolo contendere, the court shall
admonish the defendant of . . . the range of punishment attached to the offense." Tex.
Code Crim. Proc. Ann. art 26.13 (Vernon Supp. 2002) (emphasis in original).

 Here, appellant pled guilty to a state jail felony under which she faced a range
of punishment from 180 days to two years, and a $10,000 fine. Tex. Pen. Code Ann.
§ 12.35(a)(b) (Vernon Supp. 2002). In conjunction with her plea of guilty appellant
signed written admonishments that were part of a form containing the appropriate
minimum and maximum length of imprisonment for a state jail felony. According to
the written admonishments, the trial judge also informed appellant that the court had
the discretion to reduce her sentence to a misdemeanor, as permitted by section 12.44
of Penal Code. Tex. Penal Code Ann. § 12.44 (Vernon Supp. 2002). We hold the
admonishments given to appellant comply with the requirements of article 26.13
because appellant was advised of the full range of punishment available under the
statute. See Tex. Code Crim. Proc. Ann. art 26.13.

 The giving of proper admonishments by the trial court creates a prima facie
showing that a guilty plea is both knowing and voluntary. Martinez v. State, 981
S.W.2d 195, 197 (Tex. Crim. App. 1998). Although a defendant may, of course, still
assert that her plea was not voluntary, the burden shifts to the defendant to
demonstrate that she did not fully understand the consequences of her plea, such that
she suffered harm. Martinez, 981 S.W.2d at 197. 

 In this case, the written admonishments indicated appellant consulted fully with
her attorney before entering her plea and was aware of the consequences of pleading
guilty to her crime. The deputy district clerk witnessed appellant's initial beside each
relevant paragraph and her signature on the admonishments form. The form was
approved by the trial judge, the attorney for the State, and appellant's attorney. 
Because appellant waived the right to a court reporter, there is no record of the
proceedings on appellant's guilty plea. Likewise, appellant did not file a motion for
new trial or attempt to supplement the record in order to satisfy her burden. 
Accordingly, the record before this court contains no evidence that appellant's plea
of guilty was not voluntary or knowing.

 We overrule appellant's second point of error.

Conclusion

 We affirm the judgment.





 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Taft, and Price. (4)

Do not publish. Tex. R. App. P. 47.4.
1. Tex. Pen. Code Ann. § 32.51(b) (Vernon Supp. 2002).
2. Tex. Code Crim. Proc. Ann. art. 1.10 (Vernon Supp. 2002).
3. Moreover, although appellant also cites article 1.09 of the Texas Code of
Criminal Procedure, which deals with the prohibition against cruel or unusual
punishment, she has not briefed this issue and has therefore waived her
complaint. Tex. R. App. P 38.1(h). 
4. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.