NO. 07-02-0118-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 21, 2002

______________________________

DAVID JOE CORTEZ,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF RANDALL COUNTY;

NO. 14,008-A; HON. DAVID L. GLEASON, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

David Joe Cortez (appellant) appeals his conviction for delivery of a controlled substance, a first degree felony.  Pursuant to a plea of guilty, but without benefit of an agreed recommendation from the State as to punishment, the trial court found him guilty and assessed punishment at thirty years in the Texas Department of Corrections Institutional Division.  Appellant now appeals his conviction. 

Appellant’s appointed counsel has filed a motion to withdraw, together with an 
Anders
(footnote: 1) brief, wherein she certifies that, after diligently searching the record, she has concluded that appellant’s appeal is without merit.  Along with her brief, appellate counsel has attached a copy of a letter sent to appellant informing him of counsel’s belief that there was no reversible error and of appellant’s right to appeal 
pro se.
  By letter dated July 11, 2002, this court notified appellant of his right to file his own brief or response by August 7, 2002, if he wished to do so.  To date, appellant has failed to file a response or a motion for extension of time to file same.

 In compliance with the principles enunciated in 
Anders
, appellate counsel discussed one potential area for appeal which was founded upon the trial court incorrectly advising appellant that the range of punishment for this offense was 5 to 99 years in prison.  Because the amount of controlled substance involved in the transaction was 200 grams or more but less than 400 grams, the range of punishment was 10 to 99 years or life in prison.  
Tex. Penal Code Ann. 
§481.112(e) (Vernon 2002).  However, appellate counsel then satisfactorily explained why the argument lacked merit since the actual punishment assessed of 30 years was “within both the actual and misstated maximum.”  Thus, the trial court had substantially complied with article 26.13 of the Texas Code of Criminal Procedure.  
See Martinez v. State, 
981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  Appellate counsel, further, explained other areas considered in her review such as: 1) sufficiency of the indictment to state an offense and invoke the trial court’s jurisdiction, 2) pre-trial motions regarding appellant’s juvenile record to be used at punishment which are permitted by the Texas Family Code, §58.007(g), 3) voluntariness of appellant’s plea and the statutory admonitions given by the trial court (other than that previously discussed), 4) existence of evidence supporting the finding of guilt, and 5) fact that punishment was assessed within the range allowed by law.

Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel’s conclusions and to uncover any error, reversible or otherwise, pursuant to 
Stafford v. State
, 813 S.W.2d 503 (Tex. Crim. App. 1991).  Our own review not only confirmed the accuracy of appellate counsel’s representations but also failed to reveal any error. 

Accordingly, the motion to withdraw is granted and the judgment is affirmed. 

                                          Brian Quinn 

                                                                             Justice 

 

 

Do not publish. 

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).