NO. 07-02-0118-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 21, 2002


______________________________



DAVID JOE CORTEZ
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 14,008-A; HON. DAVID L. GLEASON, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 David Joe Cortez (appellant) appeals his conviction for delivery of a controlled
substance, a first degree felony. Pursuant to a plea of guilty, but without benefit of an
agreed recommendation from the State as to punishment, the trial court found him guilty
and assessed punishment at thirty years in the Texas Department of Corrections
Institutional Division. Appellant now appeals his conviction. 

 Appellant's appointed counsel has filed a motion to withdraw, together with an
Anders (1) brief, wherein she certifies that, after diligently searching the record, she has
concluded that appellant's appeal is without merit. Along with her brief, appellate counsel
has attached a copy of a letter sent to appellant informing him of counsel's belief that there
was no reversible error and of appellant's right to appeal pro se. By letter dated July 11,
2002, this court notified appellant of his right to file his own brief or response by August
7, 2002, if he wished to do so. To date, appellant has failed to file a response or a motion
for extension of time to file same.

 In compliance with the principles enunciated in Anders, appellate counsel
discussed one potential area for appeal which was founded upon the trial court incorrectly
advising appellant that the range of punishment for this offense was 5 to 99 years in
prison. Because the amount of controlled substance involved in the transaction was 200
grams or more but less than 400 grams, the range of punishment was 10 to 99 years or
life in prison. Tex. Penal Code Ann. §481.112(e) (Vernon 2002). However, appellate
counsel then satisfactorily explained why the argument lacked merit since the actual
punishment assessed of 30 years was "within both the actual and misstated maximum." 
Thus, the trial court had substantially complied with article 26.13 of the Texas Code of
Criminal Procedure. See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). 
Appellate counsel, further, explained other areas considered in her review such as: 1)
sufficiency of the indictment to state an offense and invoke the trial court's jurisdiction, 2)
pre-trial motions regarding appellant's juvenile record to be used at punishment which are
permitted by the Texas Family Code, §58.007(g), 3) voluntariness of appellant's plea and
the statutory admonitions given by the trial court (other than that previously discussed),
4) existence of evidence supporting the finding of guilt, and 5) fact that punishment was
assessed within the range allowed by law.

 Thereafter, we conducted our own review of the record to assess the accuracy of
appellate counsel's conclusions and to uncover any error, reversible or otherwise,
pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review not
only confirmed the accuracy of appellate counsel's representations but also failed to reveal
any error. 

 Accordingly, the motion to withdraw is granted and the judgment is affirmed. 



 Brian Quinn 

 Justice 

 

 

Do not publish. 
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).