In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-095 CR


____________________



JAMES WHITNEY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Court Cause No. 22,377






O P I N I O N



 Appellant James Whitney pleaded guilty without a plea bargain to the offense of
sexual assault of a child. The trial judge adjudicated Whitney guilty and sentenced him to
fifteen years in the Texas Department of Criminal Justice -- Institutional Division. 
Whitney filed a motion for new trial but withdrew the motion on the date set for the
hearing. He raises two points of error on appeal. 

 In point of error one, Whitney contends the "trial judge committed reversible error
when he incorrectly admonished the appellant as to the range of punishment . . . ." The
record contains the written plea admonishments; included therein is the correct range of
punishment for a second degree felony -- "a term of not more than 20 years or less than
2 years in the Institutional Division of the Texas Department of Criminal Justice, and in
addition, a fine not to exceed $10,000.00 may be assessed[.]" The written plea
admonishments, signed by Whitney, also contain an additional affirmative statement: "I
understand the foregoing [written] admonishments from the Court and am aware of the
consequences of my plea." 

 At the plea hearing on the same day, the trial judge initially admonished Whitney
with an incorrect punishment range:

 THE COURT: Okay. Mr. Whitney, you are charged by indictment with the
offense of sexual assault of a child. And if you're found guilty of that
offense, it carries a range of punishment of from two to ten years in the
penitentiary and up to a $10,000 fine. And do you understand the charges
against you? 

 DEFENDANT: Yes, sir. 

Later in the same hearing after Whitney pleaded guilty to the offense, the trial judge asked
Whitney as follows:

 THE COURT: Do you have any questions about any of the papers that you
have signed?


 DEFENDANT: No, sir.


 THE COURT: Any questions about any of the rights that you have given up
by signing these papers?


 DEFENDANT: No, sir. 


The trial judge then explained to Whitney the punishment options, including a correct
statement of the range of punishment that could be given.:

 THE COURT: Now, because this is a 3(g) offense, do you understand that
if you're found guilty, that you would not be eligible for probation? And the
only way you would be eligible for probation is if I deferred or put off
finding you guilty. It's called deferred adjudication probation. Do you
understand that?


 DEFENDANT: Yes, sir.

 THE COURT: And the range of punishment from one extreme to the other
would be as little as two years probation, deferred adjudication probation,
or as much as 20 years in the penitentiary and a $10,000 fine. Do you
understand that?


 DEFENDANT: Yes, sir. 


Later during the hearing, the trial judge told Whitney that the judge would be the one
determining the sentence and gave Whitney another opportunity to withdraw his plea
before the plea was accepted.

 THE COURT: Okay. And understanding that, do you still insist on your
plea of guilty?


 DEFENDANT: Yes, sir. 


 THE COURT: Okay. Then I will find the Defendant competent to stand
trial, and I will accept his plea of guilty. 


After concluding there was sufficient evidence for a finding of guilt, the trial court
recessed the hearing for preparation of a Pre-Sentence Investigation Report. 

 The trial judge was incorrect in his initial oral statement of the range of punishment
to Whitney. The offense of sexual assault of a child is a second degree felony which
carries a punishment range of two to twenty years. See Tex. Pen. Code Ann. §§ 12.33,
22.011(a)(2), (f) (Vernon 1994 & Supp. 2002). As the court noted in the second oral
statement, a trial judge is authorized to give a defendant charged with the offense of sexual
assault of a child "as little as" deferred adjudication probation "or as much as" twenty
years in the penitentiary. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5, (Vernon
Supp. 2002). Though the trial judge clearly made a mistake in the first oral range-of-punishment admonition, he later correctly stated the maximum. We find the
admonishments substantially complied with the requirements of Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon 1989 & Supp. 2002). 

 The Court of Criminal Appeals considered an incorrect admonishment in Martinez
v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Though the written
admonishments gave an incorrect or, at best, confusing, statement of the punishment
range, and the trial judge did not correct the mistake during the plea hearing, he
nonetheless assessed Martinez a sentence that was within both the statutory and the
misstated maximum. Id. at 196. "When a record shows that the trial court delivered an
incorrect admonishment regarding the range of punishment, and the actual sentence lies
within both the actual and misstated maximum, substantial compliance is attained." Id.
at 197. Unlike Martinez, the fifteen year punishment assessed in the instant case was not
within both the statutory (twenty years) and the misstated maximum (ten years). However,
the written admonishments gave Whitney the correct range of punishment, and the trial
judge, after an initial incorrect statement of the punishment range, stated the maximum
years of punishment correctly before accepting the plea. 

 Article 26.13(c) states that "substantial compliance by the court is sufficient, unless
the defendant affirmatively shows that he was not aware of the consequences of his plea
and that he was misled or harmed by the admonishment of the court." Whitney has failed
to show that he was harmed or unaware of the consequences of the trial judge's initial
incorrect statement during the plea hearing. At no time during the plea hearing or in a
motion for new trial did appellant or his counsel raise any objection or question regarding
the punishment range, nor was the issue presented in appellant's motion for new trial. 
Point of error one is overruled.

 In point of error two, Whitney contends the trial judge exhibited bias and prejudice 
towards him at the sentencing hearing - the result being a cruel and unusual punishment. 
We first note that appellant did not object to any bias or prejudice by the trial judge at the
punishment hearing or in a motion for new trial. Consequently, he has not preserved his
claim for review. See Tex. R. App. P. 33.1.

 Whitney also argues the fifteen year sentence for a first time, seventeen year old
offender is so plainly disproportionate to the offense (sexual assault of a child) as to shock
the conscience. We note that the fifteen year sentence assessed by the trial court is within
the range of punishment allowed by law. See Tex. Pen. Code §§ 12.33, 22.011(f)
(Vernon 1994 & Supp. 2002). No objection was made to the fifteen year sentence or to
the proceedings at the punishment hearing. A motion for new trial claiming excessive
sentence was filed, but appellant withdrew the motion on the date the hearing was
scheduled. Appellant did not preserve this claim for review, but rather waived the claim
at the trial court. Point of error two is overruled. The conviction is affirmed. 

 AFFIRMED.

 PER CURIAM.


Submitted on August 22, 2002

Opinion Delivered August 28, 2002

Do Not Publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.