Opinion issued January 26, 2006












In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00407-CR




ORLANDO CASAREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 941091




MEMORANDUM OPINION
           Appellant, Orlando Casarez, was charged by indictment with the aggravated sexual
assault of a child. Appellant pleaded guilty without an agreed punishment recommendation
by the State, and the trial court assessed punishment at 25 years in prison. On appeal,
appellant challenges the voluntariness of his guilty plea. We affirm. 
BACKGROUND
           Appellant waived his right to a trial by jury and pleaded guilty to aggravated sexual
assault of a child. There is no reporter’s record of appellant’s hearing. Appellant has
initialed and signed all relevant parts of the admonishments with regard to guilty pleas and
sex-offender-registration requirements. These forms are also signed by appellant’s trial
attorney and the trial court. 
DISCUSSION
           In his sole point of error, appellant contends that his guilty plea was involuntary
because he initialed the written admonishments with no understanding of what they meant. 
He complains that the admonishments are “complex and wordy” and are “more than eight
pages” long. Appellant specifically complains only about his misunderstanding regarding
the sex-offender-registration requirements. 
           In reviewing the voluntariness of a guilty plea, we view the record as a whole. 
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) When the record shows that
the defendant received admonishments on punishment, it creates a prima facie showing that
the plea was knowing and voluntary. Id.; Edwards v. State, 921 S.W.2d 477, 479 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). The burden then shifts to the defendant to show
that he entered his plea without understanding the consequences of the plea. Martinez, 981
S.W.2d at 197. Unless there is proof to the contrary in the record, we presume the regularity
of the trial court’s judgment and records. Jones v. State, 77 S.W.3d 819, 822 (Tex. Crim.
App. 2002) (citing Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985)). 
           In this case, appellant does not direct us to anything in the record to support his claim
that he did not understand the admonishments. His claim that the admonishments are
“complex and wordy” and more than eight pages long, without more, does not overcome the
presumption of regularity. Furthermore, the sex-offender-registration admonishments, the
specific subject of his complaint, are neither complex nor wordy and are in a separate
document consisting of two pages, accompanied by a statement by appellant’s trial attorney
that he had fully advised appellant regarding the sex-offender-registration requirements and
believed that the document had been executed knowingly and voluntarily by appellant. 
CONCLUSION
           Appellant has not carried his burden of showing that his guilty plea was involuntary. 
Accordingly, we overrule appellant’s sole point of error and affirm the judgment. 
 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).