NO. 07-04-0572-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 5, 2006

_____

GEARY BRIAN BROGDEN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,464-A; HON. HAL MINER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Geary Brian Brogden, appellant, appeals his conviction for assaulting a family member and causing bodily injury. His sole issue involves the voluntariness of his guilty plea. Purportedly, it was involuntary because his trial counsel failed to interview appellant's wife who was also the victim of the assault. She allegedly would have testified that she favored leniency. Furthermore, the complaint was raised via a motion for new trial, which motion the trial court denied. We affirm the judgment.

According to the record, appellant was charged with assault on a family member and causing bodily injury. The parties reached an agreement wherein appellant agreed to plead guilty in exchange for the State recommending a prison term of five years. After the trial court held a hearing wherein appellant pled guilty and it found the plea to be knowing and voluntary, sentence was levied in accordance with the agreement. Subsequently, appellant filed a motion for new trial, alleging that trial counsel was ineffective because he failed to interview the complaining witness, *i.e.* appellant's wife. The trial court convened a hearing on that motion and subsequently denied it. Yet, permission was granted appellant to appeal those issues raised in the motion. And, as previously mentioned, the sole issue before us involves the voluntariness of the plea due to counsel's supposed ineffective assistance and the trial court's refusal to grant a new trial. We overrule the issue for several reasons.

First, the record discloses that appellant was fully admonished in writing prior to pleading guilty. Appellant further represented to the trial court that, among other things, 1) he understood the effect of his plea, 2) his plea was "freely, voluntarily, and knowingly entered," and 3) his trial counsel "provided fully effective and competent representation." These representations of appellant belie the argument he now proffers. Moreover, a finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).

Second, though the victim testified at the hearing on appellant's motion for new trial that she wanted her husband to get medical help, did not want anything "terrible" to happen to him, and wanted appellant to avoid going to prison, she nonetheless said he needed to

2

be held accountable. Furthermore, the district attorney testified that appellant's wife was informed of the plea bargain (which included the five year prison sentence), uttered no objections to it, and was satisfied with it. So too did the victim refuse to return the impact statement given her. Therein, she was afforded the opportunity to reveal her desires regarding the punishment that should be levied upon her husband; yet, she opted to forego that chance. Trial counsel also testified and denied having any record that indicated appellant's wife attempted to call him, though she testified otherwise. So too did trial counsel state that he asked appellant to see if the victim would contact him given that he purportedly was in constant communication and living with her; yet, appellant never informed counsel that she was attempting to contact him. And, to the extent that counsel thought the assault victim's viewpoint was of import, he deemed it a better tack to allow her to initially contact him. If he attempted to make the initial contact, he "was afraid [he] would scare her off, if nothing else." Finally, from the information he garnered via the district attorney, trial counsel considered the victim's views regarding punishment to be less than certain. While she may not have wanted him to go to prison, she did not "really want him to be on probation either," he uttered.

Simply put, whether the victim would have testified favorably for appellant was an issue of fact. Though she said that she wanted her husband to avoid prison, other evidence disclosed that she was quite "satisfied" with him receiving the prison term offered in the plea agreement. Thus, a question of fact existed involving whether appellant suffered any prejudice due to his counsel's decision to have the victim contact him. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (requiring the complainant to

prove that the supposedly deficient performance prejudiced him). And, the trial court was free to resolve it against appellant.

Next, while it is true that defense counsel has a duty to investigate, *McFarland v. State*, 928 S.W.2d 482, 501 (Tex. Crim. App.1996), nowhere does appellant argue, much less show, that it falls outside the realm of effective trial strategy to have the victim of family violence or an assault initially contact defense counsel as opposed to vice versa. We can see the need for defense counsel to tread cautiously when engaging in pretrial contact with such a person. The latter may well be on an emotional or psychological precipice and, uninvited contact from the assailant's representative in order to curry favor from the victim may well trigger adverse, if not criminal, backlash. *See* Tex. Pen. Code Ann. §36.05 (Vernon 2003) (defining the crime of witness tampering). Thus, the trial court could well have determined that counsel's tack was indeed acceptable trial strategy, and that despite her intimations otherwise, the victim never contacted trial counsel. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (holding that the appellant must rebut the presumption that his counsel's actions were legitimate trial strategy).

In sum, the trial court did not abuse its discretion in overruling the motion for new trial. *See Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (holding that the denial of a motion for new trial is reviewed under the standard of abused discretion). Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

4