

## NUMBER 13-07-00747-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**JOSH CANO A/K/A JOSHUA CANO,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

### On appeal from the 347th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant, Josh Cano a/k/a Joshua Cano, pleaded guilty to one count of robbery and one count of injury to a child. *See* TEX. PENAL CODE ANN. § 29.02 (Vernon 2003), § 22.04 (Vernon Supp. 2007). The trial court assessed punishment at twenty-five years' confinement in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID)

for the robbery and two years in a state jail for the injury to a child, with the sentences to run concurrently. By one issue, Cano contends that his guilty plea was involuntary.

## I. BACKGROUND

Cano pushed Crystal Gomez into the bathroom of a convenience store, causing the bathroom door to hit Gomez's child. Cano attempted to take money from Gomez, then left the store. Gomez's husband caught Cano and held him until police arrived.

The State charged Cano with robbery, injury to a child, and attempted sexual assault. Cano pleaded guilty to robbery and injury to a child. The State abandoned the attempted sexual assault charge. At his plea hearing, the following transpired:

| | |
|---|---|
| Trial Court: | Mr. Cano, to the count one, robbery, how do you plead? |
| [Cano]: | Guilty. |
| Trial Court: | Count two, injury to a child, how do you plead? You want to talk about it some more? You need to visit with your lawyer about that further? |
| [Cano]: | No, ma'am. I'm guilty. |
| The Court: | Are you pleading guilty to those two counts because you are guilty? |
| [Cano]: | I don't believe I hurt any little kid, ma'am. |
| The Court: | Okay, sir. Are you saying you're not guilty to the injury to a child? |
| [Cano]: | That's right. |
| The Court: | Okay. Then I'm going to reject the [guilty] plea on that case [sic]. We'll proceed then. |
| [The State]: | Okay, Judge. We'll just to go [sic] trial. |
| The Court: | All right. Everybody for Monday? |
| [Defense Counsel]: | No, Your Honor. . . . |

. . . .

2

(Off-the-record discussion. Case stood in recess. Case recalled.)

. . . .

The Court: What are we doing on Mr. Cano?

[The State]: He's pleading guilty to offenses one and two. State's gonna drop count three as part of the plea agreement. He's pleading to counts one and two.

The Court: Are we proceeding as we were awhile ago?

[The State]: Yes.

[Defense Counsel]: Yes, Your Honor. Just to clarify for the record, I've explained to Mr. Cano that, from the evidence, it appears he is guilty of recklessly injuring a child, not intentionally, but that is, in fact, one of the ways you can commit that offense, and that–basically, the child was injured when he opened the door, and the child was knocked down during the course of the robbery. So, I think from that he understands the difference between intentionally and recklessly doing it. Also, I think he's prepared to enter a guilty plea to that.

The Court: Okay, sir. We're back on the record. . . . Earlier you had plead guilty to counts one and two, being robbery and injury to a child. Are you pleading guilty to those offenses because you are guilty?

[Cano]: Yes, ma'am.

The Court: You're doing that voluntarily? Yes, for the record?

[Cano]: Yes, ma'am.

The Court: No one is threatening you or forcing you or making you plead guilty in anyway?

[Cano]: No, ma'am.

The trial court proceeded to find Cano guilty and sentenced him to twenty-five years' confinement in the TDCJ-ID for the robbery and two years in a state jail for injury to a child to run concurrently. This appeal ensued.

3

## II. Involuntary Plea of Guilty

In his sole issue, Cano contends his plea of guilty was not made knowingly or voluntarily.

### A. Standard of Review

The trial court shall not accept a plea of guilty "unless it appears that . . . the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp. 2007). Before accepting a guilty plea, the trial court must admonish the defendant in accordance with article 26.13(a). *See id.* art. 26.13(a). A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Pena v. State*, 132 S.W.3d 663, 666 (Tex. App.–Corpus Christi 2004, no pet.). The burden then shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Martinez*, 981 S.W.2d at 197. We look at the record as a whole when considering the voluntariness of a plea. *Id.*

### B. Analysis

Here, the record shows that, after Cano stated that he did not "believe he hurt any child," the trial court rejected his plea of guilty to the offense of injury to a child. Defense counsel subsequently had a discussion with Cano, then informed the court that he explained to Cano that the offense could be committed by "recklessly injuring the child." Defense counsel stated that he believed Cano was "prepared to enter a guilty plea to that." The trial court then asked Cano, "[E]arlier you pleaded guilty to counts one and two, being robbery and injury to a child. Are you pleading guilty to those offenses because you are guilty?" Cano responded, "Yes, ma'am."

The record indicates that the trial court properly admonished Cano in accordance with article 26.13(a), both orally and in writing, before taking his plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a), (c). Cano stated that he was pleading guilty freely and voluntarily. Also, Cano attested in writing that he understood the admonishments given, was aware of the consequences of entering a plea of guilty, and that he was entering his guilty plea voluntarily. Therefore, there is a prima facie showing that Cano entered his guilty plea knowingly and voluntarily. *See Martinez*, 981 S.W.2d at 197; *Pena*, 132 S.W.3d at 666.

The burden then shifted to Cano to prove that he did not understand the consequences of his plea and that acceptance of his plea constituted harm. *See Martinez*, 981 S.W.2d at 197. However, Cano only argues that, "although the court admonished [him] for the subsequent plea and he agreed that his plea was voluntary, his initial plea of not guilty to that charge, the court's rejection of said plea and the short time between both gives prima facie evidence that the resulting plea of guilty was not voluntary and made knowingly." Cano cites no authority to support his position, and we find none. Therefore, we overrule Cano's sole issue.

### III. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 21st day of August, 2008.