NUMBER 13-07-00747-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSH CANO A/K/A JOSHUA CANO, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 347th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Josh Cano a/k/a Joshua Cano, pleaded guilty to one count of robbery
and one count of injury to a child. See Tex. Penal Code Ann. § 29.02 (Vernon 2003), §
22.04 (Vernon Supp. 2007). The trial court assessed punishment at twenty-five years'
confinement in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID)
for the robbery and two years in a state jail for the injury to a child, with the sentences to
run concurrently. By one issue, Cano contends that his guilty plea was involuntary.

I. Background

 Cano pushed Crystal Gomez into the bathroom of a convenience store, causing the
bathroom door to hit Gomez's child. Cano attempted to take money from Gomez, then left
the store. Gomez's husband caught Cano and held him until police arrived.

 The State charged Cano with robbery, injury to a child, and attempted sexual
assault. Cano pleaded guilty to robbery and injury to a child. The State abandoned the 
attempted sexual assault charge. At his plea hearing, the following transpired:

 Trial Court: Mr. Cano, to the count one, robbery, how do you plead?


 [Cano]: Guilty.


 Trial Court: Count two, injury to a child, how do you plead? You
want to talk about it some more? You need to visit with
your lawyer about that further?

 

 [Cano]: No, ma'am. I'm guilty.


 The Court: Are you pleading guilty to those two counts because
you are guilty?


 [Cano]: I don't believe I hurt any little kid, ma'am.


 The Court: Okay, sir. Are you saying you're not guilty to the injury
to a child?


 [Cano]: That's right.


 The Court: Okay. Then I'm going to reject the [guilty] plea on that
case [sic]. We'll proceed then.


 [The State]: Okay, Judge. We'll just to go [sic] trial.

 

 The Court: All right. Everybody for Monday?


 [Defense Counsel]: No, Your Honor. . . .


 . . . .


 (Off-the-record discussion. Case stood in recess. Case recalled.)


 . . . .


 The Court: What are we doing on Mr. Cano?


 [The State]: He's pleading guilty to offenses one and two. State's
gonna drop count three as part of the plea agreement. 
He's pleading to counts one and two.


 The Court: Are we proceeding as we were awhile ago?


 [The State]: Yes.


 [Defense Counsel]: Yes, Your Honor. Just to clarify for the record, I've
explained to Mr. Cano that, from the evidence, it
appears he is guilty of recklessly injuring a child, not
intentionally, but that is, in fact, one of the ways you can
commit that offense, and that-basically, the child was
injured when he opened the door, and the child was
knocked down during the course of the robbery. So, I
think from that he understands the difference between
intentionally and recklessly doing it. Also, I think he's
prepared to enter a guilty plea to that.

 

 The Court: Okay, sir. We're back on the record. . . . Earlier you
had plead guilty to counts one and two, being robbery
and injury to a child. Are you pleading guilty to those
offenses because you are guilty?

 

 [Cano]: Yes, ma'am.


 The Court: You're doing that voluntarily? Yes, for the record?


 [Cano]: Yes, ma'am.


 The Court: No one is threatening you or forcing you or making you
plead guilty in anyway?

 

 [Cano]: No, ma'am.


The trial court proceeded to find Cano guilty and sentenced him to twenty-five years'
confinement in the TDCJ-ID for the robbery and two years in a state jail for injury to a child
to run concurrently. This appeal ensued.


II. Involuntary Plea of Guilty

 In his sole issue, Cano contends his plea of guilty was not made knowingly or
voluntarily.

A. Standard of Review

 The trial court shall not accept a plea of guilty "unless it appears that . . . the plea
is free and voluntary." Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2007). 
Before accepting a guilty plea, the trial court must admonish the defendant in accordance
with article 26.13(a). See id. art. 26.13(a). A finding that a defendant was duly
admonished creates a prima facie showing that a guilty plea was entered knowingly and
voluntarily. Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Pena v. State,
132 S.W.3d 663, 666 (Tex. App.-Corpus Christi 2004, no pet.). The burden then shifts to
the defendant to demonstrate that he did not fully understand the consequences of his plea
such that he suffered harm. Martinez, 981 S.W.2d at 197. We look at the record as a
whole when considering the voluntariness of a plea. Id.

B. Analysis

 Here, the record shows that, after Cano stated that he did not "believe he hurt any
child," the trial court rejected his plea of guilty to the offense of injury to a child. Defense
counsel subsequently had a discussion with Cano, then informed the court that he
explained to Cano that the offense could be committed by "recklessly injuring the child." 
Defense counsel stated that he believed Cano was "prepared to enter a guilty plea to that." 
The trial court then asked Cano, "[E]arlier you pleaded guilty to counts one and two, being
robbery and injury to a child. Are you pleading guilty to those offenses because you are
guilty?" Cano responded, "Yes, ma'am."

 The record indicates that the trial court properly admonished Cano in accordance
with article 26.13(a), both orally and in writing, before taking his plea. See Tex. Code Crim.
Proc. Ann. art. 26.13(a), (c). Cano stated that he was pleading guilty freely and
voluntarily. Also, Cano attested in writing that he understood the admonishments given,
was aware of the consequences of entering a plea of guilty, and that he was entering his
guilty plea voluntarily. Therefore, there is a prima facie showing that Cano entered his
guilty plea knowingly and voluntarily. See Martinez, 981 S.W.2d at 197; Pena, 132 S.W.3d
at 666.

 The burden then shifted to Cano to prove that he did not understand the
consequences of his plea and that acceptance of his plea constituted harm. See Martinez,
981 S.W.2d at 197. However, Cano only argues that, "although the court admonished
[him] for the subsequent plea and he agreed that his plea was voluntary, his initial plea of
not guilty to that charge, the court's rejection of said plea and the short time between both
gives prima facie evidence that the resulting plea of guilty was not voluntary and made
knowingly." Cano cites no authority to support his position, and we find none. Therefore,
we overrule Cano's sole issue.

III. Conclusion

 We affirm.

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 21st day of August, 2008.