**AFFIRM; and Opinion Filed April 26, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-11-01575-CR**

**No. 05-11-01576-CR**

**MARK PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F06-25780-M & F10-19371-M**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Richter[1]
Opinion by Justice Richter

Appellant Mark Perez appeals his convictions of assault and taking a prohibited substance into a correctional facility. Appellant entered an open plea of true to the State's Motion to Adjudicate in the assault case, and a plea of guilty and true to the enhancement allegations in the indictment in the prohibited substance case. The trial court granted the State's Motion to Adjudicate in the assault case, found appellant guilty of assault as charged in the indictment, and found the enhancement allegations to be true. In the prohibited substance case, the trial court found appellant guilty and found the enhancement allegations to be true. In each case, the trial

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

court assessed a punishment of 35 years in prison and ordered the sentences to run concurrently. In two issues, appellant contends his original plea in the prohibited substance and probation revocation proceeding was not entered into freely and voluntarily and the trial court judge abused his discretion by failing to grant a continuance for appellant to be medicated prior to sentencing. The background of this case and the evidence adduced at the hearings are well known to the parties, and therefore we limit recitation of the facts to those necessary to address appellant's complaints on appeal. We issue this memorandum opinion because the law to be applied in this case is well settled. *See* TEX. R. APP. P. 47.4.

### *Background*

In July 2007, appellant pleaded guilty to assault of a family member with an enhanced range of punishment due to previous convictions. The trial court assessed punishment of two years deferred adjudication and community supervision. In January 2010, appellant's assault case was transferred to the 194th District Court which modified the conditions of appellant's supervision and required him to serve a term of confinement in a substance abuse treatment facility. The court ordered that appellant be confined in county jail until a space at the facility became available.

In April 2010, while in county jail, appellant's wife came to visit him. Upon her departure, appellant was searched and found to have marijuana hidden in his sock. In May 2010, a motion to revoke probation and proceed with adjudication of guilt was filed in the original assault case alleging the prohibited substance offense as a violation of his deferred probation.

In August 2010, appellant pleaded guilty to the prohibited substance charge and true to the allegations that he violated the terms of his probation in the assault case. The trial judge assessed punishment for each charge, the assault and prohibited substance, at 35 year's

imprisonment in the Institutional Division of the Texas Department of Criminal Justice with each sentence to run concurrently.

*Analysis*

Appellant argues his pleas were involuntary because he needed medication and he received an unfair trial when the trial judge failed to grant a continuance for appellant to be medicated. The State responds that appellant's pleas did not become unknowing or involuntary merely because he may not have fully understood everything that was happening during the hearing.

We review the record as a whole and determine voluntariness by the totality of the circumstances. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). When the trial court properly admonished appellant before a guilty plea was entered, there is a prima facie showing the plea was both knowing and voluntary. *Id.* No plea of guilty shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is made freely and voluntarily. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2011).

Here, the record shows the trial court admonished appellant both orally and in writing. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a), (c) (West Supp. 2011). At the plea hearing, after calling both cause numbers, the court and the appellant engaged in a clear exchange where appellant entered pleas of guilty and true. Appellant's attorney then called Mrs. Perez, appellant's mother, to testify on behalf of her son. While appellant's mother testified about appellant being in an accident and having a severe head injury that caused him anxiety for which he presently needed medication, she also testified she was aware of two prior assaults committed before his head injury. Next, the appellant testified he was aware of a plea offer but he wanted to go before the court and ask the judge for probation. On the record, appellant's attorney told

appellant the offer was still available and asked the appellant if he wanted to take the offer or continue before the court. Appellant answered, "I want to continue." Appellant testified he had an anxiety disorder and prior to jail he was on medication for his anxiety. He explained he received marijuana while incarcerated and when asked what he was "using it for" he answered, "Well, basically so I could be able to, you know, stay cool, really, basically." After approximately twenty pages of testimony, appellant and his attorney participated in the following colloquy:

ATTORNEY:  Earlier - - do you have problems with your memory a lot?

APPELLANT: Yes, I do Tim Jeffrey.

ATTORNEY:  Sometimes when you answer the prosecutor, you are saying things that sometimes don't make sense. Do you know you are saying things that don't make sense?

APPELLANT: I didn't mean to say? What did I say is wrong?

ATTORNEY:  What I am saying, you need help, don't you?

APPELLANT: I could say I need medication.

ATTORNEY:  Do you think - - and did you see Dr. Clayton, correct?

APPELLANT: Yes, I did.

ATTORNEY:  And she said you are competent and everything?

APPELLANT: Yes.

. . .

ATTORNEY:  Have you been confused by any of these questions here?

APPELLANT: Yes.

. . .

ATTORNEY: And you are trying to answer them like you are not sure all the time whether they are right or not?

- 4 -

APPELLANT: Yes, Tim Jeffrey.

ATTORNEY: I will pass the witness. Can we approach, Your Honor?

COURT:  You may.

(Discussion off the record.)

COURT:  You may call your next witness, Mr. Jeffrey.

ATTORNEY:  Your Honor, I rest - - I don't rest. I would like to ask for a continuation to see if we can get him under medication for a couple of weeks, even Dr. Clayton's evaluation said that he would be beneficial for some of that medication. Right now I am not sure he understands the questions that he is being asked. And for instance, I don't think that he would, you know, answer a question that he knew he was going to be searched so he put marijuana in his sock. I don't think that is a rational response to that question. So I would ask for some kind of continuance to get medication in a couple of weeks and come back here and see that there is any difference.

COURT:  Are you saying you don't feel your client is competent or he doesn't understand what is being asked - - you want to take a moment with client. We will recess.

(Recess taken.)

After the recess, the appellant again stated that he understood everything that was going on, he asked for forgiveness, he stated that he needed some bipolar medication, and he wanted to continue with the hearing. The court proceeded to the sentencing phase of the hearing and appellant and his counsel had the following exchange:

ATTORNEY: Yes or no, you understand everything that is going on right now?

APPELLANT: What do you mean?

ATTORNEY:  You understand everything that we are doing right here?

APPELLANT: Yes.

ATTORNEY:  You understand all the questions that you have been asked?

APPELLANT: Yes.

The record also contains a judicial confession and plea agreement signed by the appellant and appellant's attorney, stating the following relevant parts:

> 'I affirm that my plea and judicial confession are freely and voluntarily made and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

> 'I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

> /s/ Mark Perez
> Defendant

> 'I have consulted with the defendant, whom I believe to be competent, concerning the plea in this case and have advised the defendant of his/her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

> /s/ Tim Jeffrey
> Attorney for Defendant

*See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g) (it is well settled that a judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea).

The record also shows the trial court ordered an examination regarding the competency/mental illness to be determined by Dr. Lisa K. Clayton, M.D. The record contains Dr. Clayton's report stating the appellant "most likely does have a mood disorder related to anxiety and controlling his anger." However she also states, "It remains my medical opinion that Mr. Perez on or off psychiatric medication is mentally competent at this time."

The entire record as a whole demonstrates there was sufficient information before the trial court for it to plainly appear to the court that the appellant was "mentally competent and the

plea [was] free and voluntary" and the trial court complied with Article 26.13. *See* TEX. CODE CRIM. PROC. ANN. art. 2613. We overrule appellant's first issue.

Appellant's second issue contends a continuance was warranted because the failure of appellant taking prescribed medication for his mood disorder rendered him incompetent during the proceedings.

A trial court's ruling on a motion for continuance is reviewed under an abuse of discretion standard. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). The granting or denying of a motion for continuance is within the sound discretion of the trial court. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006). To establish an abuse of discretion, there must be a showing that appellant was actually prejudiced by the denial of his motion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). When competency is raised, "the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West Supp. 2012).

The trial court, in accordance with article 46B.004(c) of the Code of Criminal Procedure, conducted an inquiry into the condition and abilities of appellant. As discussed above, appellant was examined by a medical physician who stated appellant was mentally competent. An examination of the reporter's record reflects appellant was able to communicate with the court, his attorney, and the prosecutor. The only insinuation of incompetency on the record is when appellant's counsel suggested it was not rational that appellant would accept marijuana from his wife knowing the guards were planning to search him when she left the jail visit. Appellant also directs us to his testimony where he states he was confused by some of the questions he had been asked. However, for that one statement that appellant appeared confused, there are numerous

others where appellant answered that he fully understood what was being asked and the nature of the proceedings. Furthermore, the record is void of testimony or an affidavit from a physician to support appellant's argument. On this record, we conclude appellant did not make the required showing of specific prejudice from the denial of a continuance based on the assertion appellant made an irrational decision and stating he did not understand everything that was said during the hearing. On this record, we are unable to conclude the trial court abused its discretion by denying appellant's motion for continuance. Appellant's second issue is overruled.

## *Conclusion*

Having resolved appellant's two issues against him, we affirm the trial court's judgment.

/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

111575F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK PEREZ, Appellant

No. 05-11-01575-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F06-25780-M.
Opinion delivered by Justice Richter.
Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 26th day of April, 2013.


/Martin Richter/

MARTIN RICHTER
JUSTICE, ASSIGNED



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK PEREZ, Appellant

No. 05-11-01576-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-19371-M.
Opinion delivered by Justice Richter.
Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of April, 2013.

/Martin Richter/

MARTIN RICHTER
JUSTICE, ASSIGNED

- 10 -