**Affirmed and Opinion Filed October 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00001-CR

**DUREY ATTA ALGHAYLAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-61854-T**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

Durey Atta Alghaylan entered an open plea of guilty to aggravated assault with a deadly weapon and was found guilty by the trial court. The trial court made a finding appellant used a deadly weapon during commission of the offense and assessed punishment at ten years in prison.

In his sole issue, appellant, who is not a citizen of the United States, contends the record fails to reflect he was properly admonished on the deportation consequences of his guilty plea. He claims that because "there can be no assurance that [his] guilty plea was voluntary," we must reverse his conviction.

Article 26.13 of the Texas Code of Criminal Procedure requires certain admonishments be given to a defendant who is pleading guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2013). Among other things, the trial court must admonish a defendant

of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law[.]" *Id*. art. 26.13(a)(4); *see* 8 U.S.C.A. § 1227(a)(2)(iii) (West 2005) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). This admonition may be made orally or in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(d). For written admonitions, the court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id*. art. 26.13(d). A court's admonition that substantially complies with article 26.13(a) is sufficient. *Id*. art. 26.13(c). The presence of article 26.13 admonitions in the record creates a prima facie showing that substantial compliance occurred and the plea was both knowing and voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). Once a prima facie showing is established, the burden shifts to the defendant to demonstrate he did not fully understand the consequences of his plea such that he suffered harm. *Id*.

The record shows appellant and his trial counsel signed a written statement that appellant's rights had been explained to him, he had read the admonishments and warnings regarding his rights, and his statements and waivers were knowingly, freely, and voluntarily made with full understanding of the consequences. The written statement included the following:

> If you are not a citizen of the United States, a plea of guilty or *nolo contendere* may, and under current Federal Immigration rules is *almost certain* to, result in your deportation, removal, exclusion from admission to the United States, or denial of naturalization.

The record also shows that, during trial, appellant told the trial court he was not a citizen of the United States but had a green card. The trial court said:

I have to tell you that if you are not a citizen of the United States, a plea of guilty or nolo contendere may and under current immigration rules is almost certain to result in one of the following. One. You may be removed from the United States. Two. You may be denied your ability to become a United States citizen. And, three, if you are removed or do leave the United States, you might be denied the right to re-enter the United States. Do you understand?

Appellant responded that he understood.

The record shows the trial court properly admonished appellant, both in writing and orally, that his guilty plea might and most certainly would result in deportation, and therefore, establishes a prima facie showing that appellant's plea was made voluntarily and knowingly. Because a prima facie showing exists, appellant had the burden to demonstrate he entered the plea without knowing its consequences and was harmed. *See Martinez*, 981 S.W.2d at 197. Having reviewed the entire record in this case, we conclude there is nothing that shows appellant did not understand the immigration and deportation consequences of his guilty plea. Consequently, he has not rebutted the prima facie showing of voluntariness. We overrule appellant's sole issue.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.2

140001F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DUREY ALGHAYLAN, Appellant

No. 05-14-00001-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-12-61854-T.
Opinion delivered by Justice Francis, Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 30th day of October, 2014.