

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00301-CR
_____

DONELLE LUCILLE ESPINOZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 65,812-A; Honorable Dan Schaap, Presiding

January 5, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Donelle Lucille Espinoza, pled guilty in open court to theft enhanced by two prior theft convictions[1] and was sentenced to twenty months confinement and assessed a $500 fine. On appeal, Appellant asserts (1) the trial court abused its discretion in its sentencing and (2) her plea was involuntary because the trial court did not properly admonish Appellant of the applicable sentence range. We affirm.

_____
[1] See TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2014). An offense under this section is a state jail felony.

ISSUE ONE

Appellant asserts the trial court abused its discretion by sentencing her to twenty months confinement because she had successfully completed three years of community supervision in connection with a prior crime, maintained steady employment and was active in her church and family since 2003. Her sentence is within the applicable punishment range[2] and neither we nor her attorney were able to find any case law to support her assertion.

At the sentencing proceeding, the State presented a videotape showing Appellant committing the theft charged in the indictment. Appellant admitted she had an extensive shoplifting record and had trouble stealing in the past. She admitted stealing and later selling contraband for cash while she was a home health nurse. On cross-examination, Appellant admitted to committing other crimes involving theft in addition to the theft for which she was being sentenced. Having considered all the evidence offered at the sentencing proceeding by Appellant and the State, we cannot say the trial court committed any error in assessing Appellant's sentence.

ISSUE TWO

Appellant next asserts her plea was involuntary because, during the sentencing proceeding, the trial court misstated that "the potential range of punishment [was] anywhere between *108* days to 2 years in a state jail facility." As stated earlier, no one disputes that the offense was punishable by confinement in a state jail for any term of

---

[2] No one disputes that the correct range of punishment was not more than two years but not less than 180 days. *See* TEX. PENAL CODE ANN. §§ 12.35, 31.03(e)(4)(D) (West Supp. 2014).

2

not more than two years or less than 180 days.  *See* TEX. PENAL CODE ANN. §§ 12.35, 31.03(e)(4)(D) (West Supp. 2014).

No plea of guilty shall be accepted by the court unless it appears the defendant is mentally competent and the plea is free and voluntary.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2014).  In admonishing the defendant of her possible sentence for the crime committed, substantial compliance by the court is sufficient unless the defendant affirmatively shows that she was not aware of the consequences of her plea and that she was misled or harmed by the admonishment of the court.  *Id.* at 26.13(c).

Although the record reflects the trial court may have delivered an inaccurate admonishment, Appellant's actual sentence lies within both the actual and misstated minimum and, as such, meets the substantial compliance requirement.  *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (citing *Robinson v. State*, 739 S.W.2d 195, 197 (Tex. Crim. App. 1998)).  Further, the record reflects that, in the various plea documents executed by Appellant and her attorney, she was admonished of the correct punishment range, understood the written admonishment and was aware of the consequences of her plea, and her plea was voluntary.  Importantly, Appellant fails to come forward with any evidence or citation to the record indicating that she was not aware of the consequences of her plea and was misled or harmed by the trial court's incorrect admonishment.  *See Martinez,* 981 S.W.2d at 197.  Accordingly, Appellant's second issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.