

**NUMBER 13-06-335-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SAMUEL RODRIGUEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 103rd District Court of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Benavides**

On April 10, 2006, appellant, Samuel Rodriguez, pleaded nolo contendere to the

charges of (1) intentionally or knowingly entering a habitation, without the owner's effective

consent, and attempting or committing assault against an individual 65 years of age or

older, and (2) recklessly causing bodily injury to the owner, who was an individual 65 years

of age or older. TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (Vernon 2003) (second-degree felony); *id.* § 22.04(a)(1), (f) (Vernon Supp. 2007) (state jail felony). He also pleaded "true" to an enhancement for a prior felony conviction for burglary of a building. *Id.* § 12.42(b) (Vernon Supp 2007). The trial court found Rodriguez guilty and sentenced him to twenty years' imprisonment.[1]

By three issues, Rodriguez argues that (1) the trial court interposed itself into a sentencing agreement with the State; (2) the trial court's admonishments were inadequate; and (3) the evidence to support the enhancement was factually and legally insufficient. We affirm.

## I. Background

Rodriguez is married to Manuela Rodriguez. Manuela's mother is Maria Ortega. While Manuela was visiting Ortega at Ortega's home, Rodriguez attempted to enter the residence. When Ortega refused to allow him inside, Rodriguez broke down the front door. He then began beating Manuela and asking for money. When Ortega attempted to stop the assault, Rodriguez assaulted Ortega, causing injury to her hand by striking it with his own hand.

On March 8, 2006, Rodriguez was indicted. The indictment contained three counts. The first count alleged that Rodriguez intentionally or knowingly entered Ortega's habitation, without her consent, and attempted or committed the felony offense of aggravated assault of Manuela. In count two, the State alleged that Rodriguez intentionally or knowingly entered Ortega's habitation, without her consent, and attempted or committed

---

[1] The judgment does not separate punishment for the two offenses. It imposes twenty years' imprisonment, total, for both offenses.

the felony offense of assault of Ortega.  In count three, the State alleged that Rodriguez recklessly caused bodily injury to Ortega, an individual 65 years of age or older, by striking her on her hand with his hand.   The indictment further alleged an enhancement count for a prior conviction of felony offense of burglary of a building.  Rodriguez executed a written waiver and consent to stipulation of testimony, waiver of jury, and plea of nolo contendere to counts two and three.  The plea was a "cold plea" to counts two and three.  Rodriguez also pleaded "true" to the enhancement paragraph.

On April 10, 2006, the trial court held a hearing on the pleas.  The court advised Rodriguez that count two, with the enhancement, carried a punishment range of five to ninety-nine years.  *See id.* § 30.02(a)(3), (c)(2) (burglary is a second-degree felony); *id.* § 12.42(b) (enhancing second-degree felony to first-degree felony); *id.* § 12.32(a) (Vernon 2003) (first-degree felony carries a punishment range five to ninety-nine years).  The court further advised Rodriguez that count three, to which the enhancement did not apply, carried a punishment range of 180 days to two years in state jail.  *See id.* § 22.04(a)(1), (f) (assault of elderly is a state jail felony); *id.* § 12.35(a)(Vernon Supp. 2007).  Each count also carried a fine of up to $10,000.  *Id.* §§ 12.35(b), 12.32(b).

Rodriguez pleaded nolo contendere to counts two and three and "true" to the enhancement. After hearing all the evidence, the court found Rodriguez guilty and that the enhancement was "true."[2]  On April 28, 2006, after a pre-sentence investigation report was issued, the trial court held a sentencing hearing.  At the sentencing hearing, the court inquired into two other pending retaliation cases.  The State advised the court that if Rodriguez was given at least twenty years' imprisonment in the present case, the State

---

[2]  Count one, which alleged that Rodriguez assaulted Manuela, was left unadjudicated at this time.

3

would consider the other two cases unadjudicated and dismissed. Rodriguez was sentenced to twenty years' imprisonment in the Texas Department of Criminal Justice. The judgment does not specify how much of this sentence was attributed to each offense; rather, the punishment was assessed as a sum total for both offenses. The court certified that the case was not a plea-bargain case and that Rodriguez had a right to appeal. Rodriguez filed his notice of appeal.[3]

## II.  Sentencing

## A.  Trial Court in a Plea Bargain Agreement

Rodriguez first argues that the trial court improperly participated in a plea bargain with the State. A plea bargain is usually defined as follows:

> "Plea bargaining is a process which implies a preconviction bargain between the State and the accused whereby the accused agrees to plead guilty or nolo contendere in exchange for a reduction in the charge, a promise of sentencing leniency, a promise of a recommendation for the prosecutor to the trial judge as to punishment or some other concession by the prosecutor that he will not seek to have the trial judge invoke his full maximum implementation of the conviction and sentencing authority he has."

*Perkins v. Third Court of Appeals at Austin*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) (quoting Milton Heuman, *Plea Bargaining* (1978 edition)). Trial judges in the federal

---

[3] On January 25, 2007, this Court issued an Order requiring the trial court to hold a hearing to answer specific questions and to re-certify the case for appeal. On May 3, 2007, the trial court held such a hearing and made the following findings of facts:

1.  This case was not a plea bargain case, but rather it was a cold plea.

2.  Paragraph[s] 13 and 14 of the Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury and Plea of No Contest" is an express waiver of appeal if the punishment recommended by the prosecutor and agreed to by the defendant does not exceed the agreed punishment. Paragraph 14 of the same "waiver" reflects that this is a cold plea. Construed together, Paragraph[s] 13 and 14 reflect that this Defendant has not effectively waived the right to appeal. The court therefore finds that this Defendant does have the right to appeal.

3.  Notwithstanding the finding in (2) above, the Court does grant this defendant the right to appeal.

4

system are expressly prohibited from participating in pre-plea discussions, including any discussion or indication of a possible sentence for a plea of guilty. *See* FED. R. CRIM. P. 11(c)(1) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions.").

Texas trial judges are not expressly prohibited by statute or any rule of procedure from participating in plea bargain discussions. The Texas Court of Criminal Appeals, however, has stated that a trial judge should not participate in any plea bargain discussions until an agreement has been reached between the prosecutor and the defendant. *Perkins*, 738 S.W.2d at 282; *Ex parte Williams*, 704 S.W.2d 773, 777 n.6 (Tex. Crim. App. 1986). The reason for this suggestion is that the trial judge should always avoid the appearance of any judicial coercion or prejudgment of the defendant, because such influence might affect the voluntariness of the defendant's plea. *Perkins*, 738 S.W.2d at 282.

It is undisputed in this case that there was no plea bargain and that Rodriguez entered an open plea. Nevertheless, he takes issue with the following exchange at the sentencing hearing:

| The Court: | This defendant was here back on the 10th of April, pled nolo contendere to Counts II and III plus the enhancement. He was found guilty of those and the enhancement was found true and a PSI was ordered and the punishment set for today. Anything further from the State? |
| --- | --- |
| [The State]: | Your Honor, based on Mr. Rodriguez's history and the egregious nature of the act, we ask the Court to sentence him to 20 years in prison. |

| The Court: | [Defense counsel]? |
|---|---|
| [Defense counsel]: | Judge, what I'm asking for is 10 years. This man is— has learned a lot while he's been in jail. He's also— was married to this woman and was trying to get an understanding from this woman. He realizes he didn't do the proper thing in trying to get this matter taken care of. He regrets the problems he's caused, but he would like a little bit more mercy. |
| The Court: | Before I make a decision on this, there are two pending retaliation cases that are set next week or two and, depending on what the State does with those, the Court might have a sort of a different view of how I might treat the state's recommendation. |
| [The State]: | Your Honor, the state is of the position that, if he's sentenced to at least 20 years in prison, we will consider the other two cases as unadjudicated and dismiss them in light of the sentence that he receives on the cold plea. [4] |

Nothing in this exchange indicates that the trial judge participated in a plea bargain with the State. Rather, the Court was asking for recommendations and information as to sentencing.

In reviewing a trial court's determination of the appropriate punishment in any given case, a great deal of discretion is allowed. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The general rule is that as long as a sentence is within the proper range of punishment provided by the statute for the offense, it will not be disturbed. *Id.*; *Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978). Because Rodriguez entered into a open plea, the trial court was free to impose any punishment in accordance with the

---

[4] The record does not reflect the disposition of these other cases.

6

statute. The punishment imposed by the trial court is well within the range of punishment for burglary, even without an enhancement. *See* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (second-degree felony burglary of a habitation); *id.* § 12.33(a) (second-degree felony carries a punishment range of two to twenty years' imprisonment). Rodriguez's first issue is overruled.

## B. Proper Admonishment

Rodriguez argues that his plea was involuntary because the trial court failed to admonish him of the difference in the possible sentences for count II of the indictment if the State failed to prove the enhancement. Rodriguez complains that the trial court admonished him that he could receive five to ninety-nine years' imprisonment for count two with the enhancement. Rodriguez argues that if he had known that the punishment for count two without the enhancement was only two to twenty years' imprisonment, he would not have pleaded guilty.[5]

Texas Code of Criminal Procedure article 26.13 sets forth the admonishment that the trial court must give the defendant before accepting a plea of nolo contendere or guilty. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2007). The court must advise the defendant of the range of punishment. *Id.* art. 26.13(a)(1). Article 26.13(c) states that substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and was misled or harmed by the trial court's admonishment. *Id.* art. 26.13(c). "When a record shows that the trial court

---

[5] We note that we have jurisdiction to consider this issue because it relates to the voluntariness of Rodriguez's plea. *See Castellano v. State,* 49 S.W.3d 566, 569 n.2 (Tex. App.–Corpus Christi 2001, (holding appeal not barred under *Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000), where voluntariness of plea is at issue).

delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained." *Martinez v. State,* 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).

The punishment imposed by the trial court is well within the range of punishment for burglary, even without an enhancement. *See* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (second-degree felony burglary of a habitation); *id.* § 12.33(a) (second-degree felony carries a punishment range of two to twenty years' imprisonment). Thus, the record reveals that the trial court substantially complied with the admonishment requirements. *Martinez,* 981 S.W.2d at 197. Rodriguez points to nothing else in the record that supports his claim that his plea was involuntary. Rodriguez's second issue is overruled.

### III. Factual and Legal Sufficiency of Enhancement

In his final issue, Rodriguez argues that he did not plead "true" to the enhancement and that the evidence was insufficient to prove the enhancement. The record shows otherwise. The Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury and Plea of No Contest was signed by Rodriguez, and it specifically states that he pleaded "true" to the enhancement. At the April 10, 2006 hearing, Rodriguez stated to the court that he was pleading true to the enhancement. The record of his prior conviction was admitted without objection. Moreover, Rodriguez's sentence was within the range of punishment for his burglary conviction, even absent the enhancement. *See* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (second-degree felony burglary of a habitation); *id.* § 12.33(a) (second-degree felony carries a punishment range of two to twenty years' imprisonment). Rodriguez has not shown how he was harmed by the enhancement. TEX.

8

R. App. P. 44.2.  Accordingly, Rodriguez's third issue is overruled.

## IV.  Conclusion

For the above given reasons, the judgment of the trial court is affirmed.

_____
GINA M. BENAVIDES
Justice

Do not publish.
*See* Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 28th day of August, 2008.