**AFFIRM; and Opinion Filed July 10, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00474-CR**

**ROBERT GLENN MONTGOMERY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-00422-P**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Lewis

Robert Glenn Montgomery appeals the trial court's Judgment Adjudicating Guilt for the offense of injury to a child. The trial court assessed Montgomery's punishment at ten years' confinement. In a single appellate issue, Montgomery contends his plea of true was rendered involuntary when the trial court refused to follow the sentencing recommendation of the State without allowing Montgomery to withdraw his plea. Because this issue involves the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

Montgomery waived a jury and pleaded guilty to injury to a child. Pursuant to a plea agreement, the trial court deferred adjudicating guilt, placed Montgomery on eight years' community supervision, and assessed a $1,500 fine. Montgomery was subsequently charged with indecency with a child by contact, and the State moved to revoke his community service

and to adjudicate guilt. Montgomery reached a plea agreement with the State for a three-year sentence and a $2500 fine for his original offense of injury to a child. He also agreed to plead guilty to the new indecency charge in return for a three-year sentence.

At the beginning of the combined hearing on the two offenses, the trial court addressed Montgomery concerning his plea agreement on the original offense:

> THE COURT: Sir, you have one case, which is a probation violation, and that's Cause No. F11-00422, styled The State of Texas versus Robert Glenn Montgomery. And I notice, sir, that you have a plea bargain on that case, however, in my court all probation violations come open to me. So I may or may not honor that plea bargain agreement.
>
> So do you want to proceed knowing that or do you want some more time with your attorney?
>
> THE DEFENDANT: Proceed.

Thus, from the beginning of the hearing, Montgomery was aware that the judge was not bound to the plea agreement; nevertheless, Montgomery chose to go forward with his plea of true. As the hearing proceeded, Montgomery was questioned at length by both the judge and his counsel. He testified that he had gone through the State's motion with his attorney and understood the allegations against him. He testified that he was pleading true because the allegations of the State were true and for no other reason. And he testified repeatedly that he was entering his plea of true freely and voluntarily.

The trial court found Montgomery's pleas were freely and voluntarily made. The court accepted the plea agreement for the indecency offense, but it assessed Montgomery's punishment on the original offense at ten years' confinement in the Texas Department of Criminal Justice. When asked by the judge if he had any questions, Montgomery said he did not. And when the judge asked whether there was any reason Montgomery should not be sentenced, his counsel responded there was not.

Initially, our review of the record establishes Montgomery never attempted to withdraw his plea before the trial court. Other than matters involving "fundamental constitutional systemic requirements," a complaint must be preserved in the trial court for our review. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). Issues of the voluntariness of a guilty plea do not fall within the definition of such fundamental requirements. *Mendez v. State*, 138 S.W.3d 334, 339 n. 5 (Tex. Crim. App. 2004). We conclude Montgomery waived any complaint relating to the withdrawal of his plea by failing to request withdrawal through timely objection or motion for new trial.

But even if Montgomery had objected below, his substantive complaint lacks merit. We review the trial court's ruling on a motion to adjudicate guilt using an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Montgomery acknowledges that he had no right to withdraw his plea in this revocation proceeding. *See Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003). Nevertheless, he argues his plea was rendered involuntary because his plea agreement stated he would be able to withdraw the plea if the trial court rejected the agreement. We review the voluntariness of a plea in light of the totality of the circumstances. *See Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986). A guilty plea is not rendered involuntary because the actual sentence imposed exceeds the defendant's expectations. *See West v. State*, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986). Instead, the question is whether the defendant was properly informed of the consequences of his plea. *See Martinez v. State*, 981 S.W.2d 195, 196–97 (Tex. Crim. App. 1998). A record that shows the trial court properly admonished the defendant constitutes a prima facie showing the defendant entered into a knowing and voluntary plea. *Id.* at 197. The burden then shifts to the defendant to show he entered the plea without fully understanding its consequences. *Id.*

In this case, Montgomery was properly admonished concerning the limitations of his plea agreement. He testified repeatedly that he was pleading true voluntarily. Nothing in the record suggests Montgomery failed to comprehend any aspect of the proceedings. We conclude he has not met his burden of showing he did not understand the consequences of his plea. *See Martinez*, 981 S.W.2d at 197.

We overrule Montgomery's single issue and affirm the trial court's judgment.


/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47


120474F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT GLENN MONTGOMERY, Appellant

No. 05-12-00474-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-00422-P.
Opinion delivered by Justice Lewis.
Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of July, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE