

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00189-CR

_____

PHILLIP RANDALL GULLETT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 26170

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Phillip Randall Gullett entered an open plea of guilty to six counts of aggravated sexual assault of a child, eleven counts of sexual assault of a child, one count of indecency with a child, and two counts of prohibited sexual contact. He was sentenced by the trial court to forty years' imprisonment on each count of aggravated sexual assault of a child, twenty years' imprisonment for each count of sexual assault of a child and indecency with a child, and ten years' imprisonment for each count of prohibited sexual contact, all of the sentences to be served concurrently.

Gullett appeals these convictions on the ground that his pleas were not knowing and voluntary. He complains that his counsel rendered ineffective assistance by: (1) "inadequately explain[ing] the charges against him, the law in relation to the facts of his case, and the consequences of his plea," (2) "inadequately explain[ing] the right to confront his accuser and the witnesses against him," and (3) in failing to file a motion for new trial to develop or adduce facts or matters not otherwise shown in the record.

I. **Gullett Failed to Meet His Burden of Showing His Pleas Were Involuntary**

When evaluating the voluntariness of a guilty plea, we consider the entire record. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). When the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty pleas were made knowingly and voluntarily. *Id.* Faced with this prima facie showing, the burden then shifts to the defendant to demonstrate that his pleas were not voluntary. *Id.* A

2

defendant who attests when he enters his plea of guilty that he understands the nature of his plea and that his plea is voluntary has a heavy burden on appeal to show that his plea was involuntary. *See Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). The simple allegations of ineffective assistance of counsel, standing alone, are not sufficient to meet that burden.

Gullett's brief admits (and the record confirms) that he "was properly admonished by the court both orally and in writing" in accord with Article 26.13 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp. 2010). Gullett stated at the hearing that he was satisfied with counsel's representation and that he signed judicial confessions and stipulations of evidence admitted in evidence at the plea hearing; he further represented, both in writing and on the record, that he received the court's admonishments and was aware of the consequences of the plea. During the plea hearing, Gullett testified that: (1) he had been provided sufficient time with counsel to go over the facts related to each count in the indictment, (2) he understood the paperwork that he signed, (3) he understood the punishment ranges for the offenses, and (4) he was entering guilty pleas to the charges in the indictments because he was guilty. Gullett went further to state at that hearing that he understood that he was waiving his right to a jury trial and the right to cross-examine witnesses.

3

The trial court concluded, as do we, that Gullett's guilty pleas were entered knowingly and voluntarily.   We overrule his first issue.

## II.     The Record Does Not Support Gullett's Allegations of Ineffective Assistance

### A.     Standard of Review

A defendant is entitled to effective assistance of counsel during the plea bargaining process.   *Hart v. State*, 314 S.W.3d 37, 40 (Tex. App.—Texarkana 2010, no pet.) (citing *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991) (en banc)).   "No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary."   TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp. 2009).   "A plea of guilty is not knowingly and voluntarily entered if it is made as a result of ineffective assistance of counsel."   *Hart*, 314 S.W.3d at 40 (quoting *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980)).

We employ the two pronged *Strickland*[1] test for determining whether a defendant received ineffective assistance of counsel during a guilty plea.   *Id.* at 40 (citing *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009)).   To establish ineffective assistance of counsel, an appellant must first show counsel's performance was deficient to the extent that it fell below an objective standard of reasonableness under prevailing professional norms.   *Strickland*, 466 U.S. at 687–88.   Second, a defendant claiming that he was provided ineffective assistance of counsel in the plea process must show "a reasonable probability

---

[1]*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005); *Battle*, 817 S.W.2d at 83.

The *Strickland* test "requires a case-by-case examination of the evidence." *Hart*, 314 S.W.3d at 41 (citing *Williams v. Taylor*, 529 U.S. 362, 391 (2000)). Allegations of ineffectiveness must be firmly founded in the record. *Id.* (citing *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002)). Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of the claim involving ineffective assistance claims. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. *Id.* at 813–14. As demonstrated below, this is such a case.

### B. Analysis of Allegations of Ineffectiveness

In a conclusory manner, Gullett argues his plea was involuntary "because of trial counsel's inadequate explanation of the charges against him, the law in relation to the facts of his case, and the consequences of his plea." The record and Gullett's brief fail to reveal what advice, if any, was given. We have not been provided with a record (such as that which might have been produced by way of a hearing on a motion for new trial, a habeas corpus hearing, or by affidavit) attempting to explain counsel's strategy (or, alternatively, want of strategy) as to any alleged errors

or omissions. Additionally, the record demonstrates that Gullett expressed that he was satisfied with counsel's representation, that the charges against him were explained, and that he understood the consequences of his plea.

> 1. *Gullett Does Not Allege Any Acts or Omissions Occurred With Respect to Most Allegations of Ineffectiveness*

Gullett recites that a psychological evaluation revealed that he "had a history of learning difficulties," relied on others to "make everyday decisions," was "emotionally immature," had "a naïve and childish view of the world," engaged "in self-defeating behaviors," and "has been hospitalized for depression and suicidal thoughts." He claims that because he had "mental and learning difficulties, trial counsel should have taken steps to make sure that Appellant demonstrated an understanding of the charges against him and that he had a right to not plead guilty to them." Gullett does not particularly specify the additional steps that he believes counsel was required to take or should have taken.

There is nothing in the record suggesting counsel did not take steps "to make sure that Appellant demonstrated an understanding of the charges against him." Instead, the record shows a motion suggesting Gullett's incompetency was filed, the trial court appointed an independent expert at counsel's urging to evaluate Gullett, and he was found by that expert to be competent to stand trial. Thereafter, counsel sought and obtained the appointment of a forensic psychology expert in order to assist in preparation of Gullett's defense. Only after these steps were taken and after the trial court's proper written plea admonishments was the plea of guilty entered. Further,

6

the finding of competency, Gullett's initial plea of not guilty, and his own statements indicated "an understanding of the charges against him and that he had a right to not plead guilty to them."

Next, although he had initially pled "not guilty" to all counts alleged in the indictment, Gullett's brief suggests that "[i]t appears from the record that Appellant did not understand that he had a right to not plead guilty to counts in the indictment that he did not commit." This statement arises from Gullett's testimony during the punishment phase that "I didn't do everything on [the indictment]; but I mean, I -- I will admit to everything I did." Gullett testified that he did not believe that he vaginally penetrated his victim as alleged in the indictment. He, however, immediately followed this statement by saying, "I said that I stuck my -- my thumb in her. I didn't remember saying I stuck my penis in her. I did say I stuck the head of it on her and rubbed her with it and then I tried to, but it wouldn't go in." The statements made by Gullett during punishment upon which the brief relies do not establish that counsel failed to advise Gullett of his right to plead guilty to counts in the indictment that he did not commit. During the plea hearing, the trial court read each count separately and Gullett stated that he was pleading guilty to each count because he was guilty. Nevertheless, Gullett argues that the trial court did not go over the manner and means by which the crimes were committed, and maintains that it was counsel's responsibility and duty to do so in order to provide effective assistance. The brief does not allege, however, that counsel failed to do so, and the record before us would not support the allegation if it were made.

7

Next, Gullett claims that he "demonstrated that he did not understand that he has a right to confront his accusers." Gullett's brief does not state that counsel failed to inform him of the right to confront his accusers and the record does not support that omission. Gullett points to testimony during the punishment phase where, although he believed his victim was molested from age eleven to fifteen, he did not challenge her statements that she was molested by him from the time she was eight years old. Gullett also refers to his testimony wherein he declined to argue with the victim's testimony and witness reports, despite claims that they may have been mistaken. Gullett's acquiescence to the testimony of others would not support the contention that counsel failed to inform him of the right to confront his accusers had that allegation been made.

To reiterate, with respect to ineffective assistance of counsel claims above, Gullet does not allege that counsel, in fact, committed certain acts or omissions. Rather, the brief attempts to challenge the court's finding, after psychological evaluation, that Gullett was competent to stand trial by making claims that Gullett did not understand certain rights and admonishments. These alleged claims of ineffective assistance of counsel are overruled.

### 2. *Motion for New Trial*

Gullett complains that counsel was ineffective for failing to file a motion for new trial. Without citation to authority, he argues:

> Had Appellant been able to file a motion for a new trial, Appellant would have been able to urge grounds that entitled him to a new trial, specifically that he would not have plead [sic] guilty to the offenses he did not commit, and would have confronted the witnesses against him, and that but for trial counsel's erroneous

8

advice or lack of advice, and he would have insisted on going to trial. Without a motion for new trial, Appellant's right to appeal any ineffective assistance claims has been injured because the record on appeal does not adequately reflect the failings of trial counsel, nor that Appellant would have insisted on a trial had he been adequately advised of the law in relation to the facts of his case.

The Texas Court of Criminal Appeals has stated that where "there is nothing in the record to suggest that appellant was not counseled by his attorney regarding the merits of a motion for new trial," we apply the "rebuttable presumption is that it was considered by the appellant and rejected." *Smith v. State*, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000); *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). Here, because nothing in the record supports a claim that Gullett was not advised by counsel of his right to file a motion for new trial, we "hold that appellant has failed to overcome the presumption that he was adequately represented by counsel during the time for filing a motion for new trial." *Smith*, 17 S.W.3d 660; *see Castillo v. State*, 186 S.W.3d 21, 31 (Tex. App.—Corpus Christi 2005, pet. ref'd) (citing *Hudson v. State*, 128 S.W.3d 367, 381 (Tex. App.—Texarkana 2004, no pet.) ("There is no evidence in the record that Hudson was interested in the option of filing a motion for new trial and that counsel did not adequately assist him in doing so. Therefore, nothing in the record exists to rebut the presumption that Hudson was adequately informed of his right to file a motion for new trial and that he ultimately rejected the option.") (citation omitted)).

We overrule Gullett's last point of error.

### III.  CONCLUSION

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     March 4, 2011
Date Decided:       March 7, 2011

Do Not Publish