

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00080-CR
### NO. 02-12-00081-CR

REX EARL TUCKER A/K/A REX TUCKER          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In two issues, Appellant Rex Earl Tucker appeals his convictions for possession of child pornography and the revocation of his community supervision and sentence for promotion of child pornography. We affirm.

----

[1]*See* Tex. R. App. P. 47.4.

## II. Background

Tucker was charged with promotion of child pornography, pleaded guilty, and was sentenced to ten years of community supervision. Around a year later, the State found additional child pornography in his possession, moved to revoke his community supervision, and indicted Tucker on two additional charges of possession of child pornography.

Tucker pleaded guilty to the two new offenses and pleaded true to the allegations in the State's motion to revoke his community supervision. The trial court found Tucker guilty of the new offenses, found that the allegations in the motion to revoke were true, revoked his community supervision on his original conviction, and sentenced Tucker to five years' confinement on each of the two new charges and ten years' confinement on the original promotion of child pornography charge. The trial court ordered Tucker to serve the five-year sentences concurrently upon the completion of his ten-year sentence.

## III. Analysis

In his first issue, Tucker argues that his guilty pleas on the two counts of possession of child pornography were not knowingly and voluntarily entered because the trial court failed to admonish him on the range of punishment for each of the two charges and the fact that he would have to register as a sex offender.

Before accepting a guilty plea, the trial court must admonish the defendant on the "range of the punishment attached to the offense" and the fact that the

2

defendant must register as a sex offender if he is convicted of an offense requiring registration. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1),(5) (West Supp. 2012). Substantial compliance with these admonitions is sufficient unless the defendant "affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed" by the trial court's admonition. *Id.* art. 26.13(c). Evidence in the record showing that a defendant was duly admonished is prima facie proof that his guilty plea was knowing and voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). When the record contains such proof, a defendant contesting the validity of his plea bears the burden to show that "he did not fully understand the consequences of his plea such that he suffered harm." *Id.* However, a trial court's failure to admonish a defendant that he must register as a sex offender if convicted for an offense requiring registration "is not a ground for the defendant to set aside the conviction, sentence, or plea." Tex. Code Crim. Proc. Ann. art. 26.13(h).

Further, the trial court may make the required admonitions "either orally or in writing." *Id.* art. 26.13(d). If the admonitions are given in writing, the trial court must receive a statement signed by the defendant and his attorney stating that he understands the admonitions and is aware of the plea consequences. *Id.*

The record reflects that before Tucker entered his guilty pleas to the two counts of possession of child pornography in open court, he received written admonitions stating,

3

2. The plea recommendation is: open plea to the court—requesting a PSI—State is requesting this sentence to be stacked on any sentence in cause no. 1177881.[2]

3. If convicted of the above offense, you face the following range of punishment:

. . . .

Counts 1 + 2
[X]  THIRD DEGREE FELONY: A term of not more than 10 years or less than 2 years in the institutional division of the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may also be assessed.  (If the offense was committed before September 1, 1994, a term of confinement in a community correctional facility for a term of not more than one (1) year may be assessed in lieu of confinement in the institutional division).

. . . .

12.  Sex Offender Registration Requirements:  If you receive a conviction or a deferred adjudication for a sexual offense listed in Chapter 62, CODE OF CRIMINAL PROCEDURE, you will be required to meet the sexual offender registration requirements set out in that Chapter.  You will also be subject to the driver's license application procedures listed in Art. 42.016, CODE OF CRIMINAL PROCEDURE.

Tucker signed a waiver stating that he understood all of the written admonitions, was aware of the plea consequences, and "knowingly, freely, and voluntarily" entered his plea.

In open court, the trial court told Tucker that the offense of possession of child pornography was a "third-degree felony" and that "[t]he range of punishment

---

[2]Cause number 1177881D is the cause in which Tucker received community supervision for promotion of child pornography and cause number 1238397D is the cause in which he was charged with two counts of possession of child pornography.

[was] not less than two years, nor more than ten years and up to a $10,000 fine."

When the trial court asked Tucker whether he understood the charges and range of punishment, Tucker replied, "Yes, sir." Tucker also affirmed that he had had sufficient time to discuss his case with an attorney.

The State then asked Tucker whether he understood the range of punishment.

> Q. Mr. Tucker, you realize the State is seeking to have the sentence on this case stacked on your probation?
>
> A. Yes, sir.
>
> . . . .
>
> Q. How much time can you possibly get on both cases?
>
> A. Ten and eight, I think.
>
> Q. Ten and ten. You're looking at twenty years.
>
> A. Okay.
>
> Q. You understand that?
>
> . . . .
>
> A. Yes, sir.

Tucker then pleaded guilty to both counts of possession of child pornography, and the trial court accepted his pleas and found him guilty.

The trial court later held a punishment hearing in which Tucker confirmed that he had understood the court's admonitions when he made his guilty pleas. At the punishment hearing, he also confirmed that when he pleaded guilty, he

5

understood that the range of punishment for each of the offenses was two to ten years in prison and a fine of up to $10,000, and that the sentences could be stacked.

During the punishment hearing, Tucker's trial counsel proferred witness testimony to mitigate Tucker's punishment. The trial court stopped the testimony at one point and questioned Tucker's counsel on whether he had counseled Tucker on the merits of his case before Tucker pleaded guilty. According to the trial court, Tucker's mitigation evidence sounded like a defense theory, and it wanted to ensure that Tucker had voluntarily pleaded guilty despite this evidence. After Tucker's trial counsel indicated that he had counseled Tucker on the merits of his case, the trial court asked Tucker whether he "freely and voluntarily" pleaded guilty and whether he was "still persisting in [his] plea of guilty." Tucker answered, "Yes, sir."

In light of the foregoing, the State provided prima facie proof that Tucker knowingly and voluntarily pleaded guilty. *See Martinez*, 981 S.W.2d at 197. Tucker was sentenced to five years' confinement and required to register as a sex offender for each of the two possession of child pornography convictions, which is within the range of punishment on which he was admonished. Further, the record reflects that Tucker fully understood the consequences of his guilty pleas. *See id.* (noting that the record contained no evidence that the defendant was harmed or misled in deciding to plead guilty). We overrule Tucker's first issue.

6

In his second issue, Tucker argues that his pleas of "true" to the allegations in the State's motion to revoke his community supervision were not knowingly made because the trial court neither admonished him on the consequences of his pleas nor inquired into whether he was knowingly and voluntarily pleading "true." However, the voluntariness of Tucker's pleas to the State's allegations is irrelevant because the trial court would not have abused its discretion by finding the State's allegations true based solely on Tucker's guilty pleas to the two new charges. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (holding that the State must prove by a preponderance of the evidence that the defendant violated the terms of his community supervision); *see also Montoya v. State*, No. 07-11-0492-CR, 2012 WL 2847902, at *2 (Tex. App.—Amarillo July 11, 2012, no pet.) (mem. op., not designated for publication) (holding that defendant's guilty plea to a subsequent offense was sufficient to prove by a preponderance of the evidence that he violated the terms of his community supervision).

Further, a trial court is not required to admonish a defendant on the consequences of a plea of "true" in a revocation proceeding. *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003); *see also* Tex. Code Crim. Proc. Ann. art. 26.13 (requiring admonitions only for guilty and nolo contendere pleas).

Nonetheless, the record reflects that the trial court provided Tucker written admonitions that stated, "The punishment agreement is: true but—open plea—

7

request a psi—[S]tate is requesting this sentence to be stacked onto any sentence in cause number 1238397." Tucker signed a judicial confession and a waiver, in which he acknowledged that he understood the consequences of his plea and that his plea was "knowingly, freely, and voluntarily entered."

The trial court also confirmed in open court that Tucker understood the consequences of his plea. After Tucker pleaded "true" to the State's motion in open court, the trial court showed Tucker the written admonitions and his signed judicial confession and waiver and asked Tucker whether he understood the contents of the confession and whether he signed it freely and voluntarily. Tucker responded, "Yes, sir," and the trial court accepted his plea. During the punishment hearing, Tucker objected to the contents of the presentence investigation report and the trial court gave Tucker an opportunity to retract his plea. Tucker declined to withdraw his plea.

Consequently, we overrule Tucker's second issue.

## IV. Conclusion

Having overruled Tucker's two issues, we affirm the trial court's judgments.

PER CURIAM

PANEL: MCCOY, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 11, 2013