ACCEPTED
01-13-00909-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/30/2015 6:48:21 PM
CHRISTOPHER PRINE
CLERK

NO. 01-13-00908-CR
NO. 01-13-00909-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/30/2015 6:48:21 PM

CHRISTOPHER A. PRINE
Clerk

**In the
Court of Appeals
For the
First District of Texas
At Houston**

On appeal from the 182nd District Court of
Harris County, Texas
No. 1365142
No. 1369903

**MICHAEL ODURO KWARTENG,**
*Appellant*
**v.**
**THE STATE OF TEXAS,**
*Appellee*

## *ANDERS* BRIEF FOR APPELLANT

Emily Detoto
State Bar No.: 00797876
917 Franklin, 4th Floor
Houston, Texas 77002
Telephone: (713) 227-2244
Facsimile: (713) 222-5840
emilydetoto@mac.com

Counsel for Appellant

**ORAL ARGUMENT NOT REQUESTED**

## Identity of Parties and Counsel

***Appellate Counsel for Appellant, Mr. Michael Oduro Kwarteng***
Emily Detoto
State Bar No.:  00797876
917 Franklin, 4th Floor
Houston, Texas 77002
Telephone:  (713) 227-2244
emilydetoto@mac.com

***Appellate Counsel for Appellee, The State of Texas***
Ms. Devon Anderson
District Attorney
Mr. Alan Curry
Assistant—Appeal

Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone:  (713) 755-5800

***Trial Counsel for Appellant, Mr. Michael Oduro Kwarteng***
Mr. Arthur Jerome White, III
State Bar No.:  24048877
1300 Post Oak Boulevard, Suite 1600
Houston, Texas 77056
Telephone:  (832) 620-6406

***Trial Counsel for Appellee, The State of Texas***
Ms. Devon Anderson
District Attorney
Ms. John Lewis, Assistant
State Bar No.: 24055849

Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone:  (713) 755-5800

# Table of Contents

**Page(s)**

Identity of Parties and Counsel…………………………………………………ii

Index of Authorities…………………………………………………...v

Statement of the Case…………………………………………………1

*Anders* Issues Presented…………………………………...………………1

Statement of Facts…………………………………………………1

Summary of the Argument…………………………..…………………..2

Arguable Grounds for Review…………………………………………...3

Issue Number One………………………………………………....3

## OTHER MATTERS DO NOT PROVIDE NON-FRIVOLOUS ISSUES FOR APPEAL.

A. Sufficiency of the Indictment……………………………………..3

B. Any Adverse Pretrial Rulings, Including but not Limited to Rulings on Motions to Suppress, Motions to Quash, and Motions for Speedy Trial……………………………………………….4

C. Compliance With Texas Code of Criminal Procedure Article 26.13 and, if appropriate, *Padilla v. Kentucky*, 559 U.S. 356 (2010)…………...4

D. Whether the Issue of Competency was Raised Prior to Sentencing, so as to Warrant an Inquiry by the Court, and Whether Appellant was Mentally Competent When the Court Accepted the Plea………………………………...………………5

E. Whether Appellant's Plea was Freely and Voluntarily Made…...................6

F.  Any Adverse Rulings During the Sentencing Hearing on
    Objections or Motions…………………………………………….....6

G.  Any Failure on the Part of the Appellant's Trial Counsel to
    Object to Fundamental Error……………………………………...7

H.  Whether the Sentence Imposed was Within the Applicable
    Range of Punishment……………………………………………….7

I.  Whether the Written Judgment Accurately Reflects the
    Sentence That was Imposed and Whether any Credit was
    Properly Applied…………………………………………………….....7

J.  Whether There is Evidence to Support a Guilty Plea in a
    Felony Case………………………...………………………………......8

K.  Examination of the Record to Determine if the Appellant was Denied
    Effective Assistance of Counsel……………………………………..…9

Prayer…………………………..………………...……………………..…...9

Certificate of Service……………………………………………...………10

Certificate of Compliance…………………………………………………10

Certificate of Notice to Appellant.………………………………………10

Notice to Client……………………………………………………………11

# Index of Authorities

**Page(s)**

**Statutes**

Tex. Code Crim. Proc. Art. 1.15……………………………………….…..6, 8

Tex. Code Crim. Proc. Art. 26.13………………………………………..4, 5, 6

Tex. Pen. Code § 12.33……………………………………………………7

Tex. Penal Code § 22.01……………………………………………….....3, 4

Tex. Penal Code § 22.02………………………………………………....3, 4, 7

Tex. R. App. Proc. § 9.4……………………………………………….....10

Tex. R. App. Proc. § 34.5…………………………………………….......11

Tex. R. App. Proc. § 34.6……………………………………………...…11

**Federal Cases**

*Anders v. California*, 386 U.S. 738 (1967)………………………………....2, 3

*Dusky v. U.S.*, 362 U.S. 402 (1960)…………………………………..…….5

*Padilla v. Kentucky*, 559 U.S. 356 (2010)…………………………………….4

**Texas Court of Criminal Appeals**

*High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978)………………………..2

*Martinez v. State*, 981 S.W.2d 195 (Tex. Crim. App. 1998)(en banc)…………..6

*Menefee v. State*, 287 S.W.3d 9 (Tex. Crim. App. 2009)………………….…8

*Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991)………………..2, 3, 9

*Turner v. State*, 422 S.W.3d 676 (Tex. Crim. App. 2013), *reh'g denied* (Apr. 2, 2014)……………………...........…………………………………5

*Williams v. State,* 522 S.W.2d 483 (Tex. Crim. App. 1975)…………………….6

## Statement of the Case

Appellant, Michael Oduro Kwarteng, was charged by indictment in cause number 1365142 with the felony offense of aggravated assault with a deadly weapon and in cause number 1369903 with the felony offense of aggravated assault causing serious bodily injury. (1CR at 10; 2CR at 9)[1]. Mr. Kwarteng entered a guilty plea in both cases. (1CR at 17-18; 2CR at 16-17; RR Vol. 1 at 4). The court assessed punishment at 10 years in prison for each case, to run concurrently. (1CR at 26; 2CR at 25; RR Vol. 1 at 8). Mr. Kwarteng timely filed a Notice of Appeal. (1CR at 29-30; 2CR at 28-29). Mr. Kwarteng's brief is due January 30, 2015.

## *Anders* Issues Presented

1. Other matters do not provide non-frivolous issues for appeal.

## Statement of Facts

Mr. Kwarteng shot Dominique Dean in the chest and the hip following a heated argument in their apartment complex parking lot. (2Supp CR at 5; RR Vol. 1 at 7). A 14-year-old boy, who was not the intended target, was also shot in the knee. (2Supp CR at 5; RR. Vol. 1 at 6). His ability to walk has been

---

[1] 1CR refers to Clerk's Record in cause number 1365142 and 2CR refers to the Clerk's Record in cause number 1369903; RR refers to Reporter's Record. There is only one Reporter's Record because both cause numbers were resolved together in a single sentencing hearing. 2Supp CR refers to the Second Supplemental Clerk's Record that applies to both cause numbers.

affected. (RR Vol. 1 at 6-7). Mr. Kwarteng fled the scene but turned himself in several hours later. (2Supp CR at 7-8).

Mr. Kwarteng entered a guilty plea to both cases and went to the trial court for sentencing without an agreed recommendation. (1CR at 17-18, 21; 2CR at 16-17, 20). The trial court ordered the preparation of a pre-sentence investigation report (PSI) and then conducted a sentencing hearing. (RR Vol. 1 at 4; 2Supp CR at 5). Defense counsel and Mr. Kwarteng requested deferred adjudication probation from the trial court. (RR Vol. 1 at 6). The prosecution requested no less than 10 years in prison. (RR Vol. 1 at 7-8).

## Summary of the Argument

The United States Supreme Court has instructed court-appointed counsel: "Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders v. California*, 386 U.S. 738, 744 (1967). "[A]ppellate counsel must provide the reviewing court with a 'professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.'" *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991)(citing *High v. State,* 573 S.W.2d 807, 812 (Tex. Crim. App. 1978)). This requires a discussion of the evidence at trial, including references to the record and applicable case law. *Id.* Appellate counsel is required to discuss anything that

"might arguably support the appeal." *Id.* A copy of the *Anders* brief must be provided to the Appellant and he should be given time to respond if he so chooses. *Anders*, 386 U.S. at 744. This Court will then examine the proceedings and make a determination as to whether an appeal is frivolous. *Id.*

Court-appointed counsel has reviewed the Reporter's Record and the Clerk's Record in Mr. Kwarteng's case, and has determined that there are no non-frivolous issues to raise as set forth in this brief. Accordingly, court-appointed counsel respectfully requests permission to withdraw as attorney of record and to permit the Appellant, Mr. Michael Kwarteng, to file any additional brief he deems necessary.

## Arguable Grounds for Review

## ISSUE I: OTHER MATTERS DO NOT PROVIDE NON-FRIVOLOUS ISSUES FOR APPEAL.

### A. Sufficiency of the Indictment.

The first indictment tracks the required elements in the Texas Penal Code for aggravated assault with a deadly weapon. (1CR at 10); Tex. Penal Code §§ 22.02(a)(2); 22.01(a)(1). The second indictment tracks the required elements in the Texas Penal Code for aggravated assault causing serious bodily injury.

(2CR at 9); Tex. Penal Code §§ 22.02(a)(1); 22.01(a)(1). The indictments were never subjected to a motion to quash. Thus, the indictments are sufficient.

**B. Any Adverse Pretrial Rulings, Including but not Limited to Rulings on Motions to Suppress, Motions to Quash, and Motions for Speedy Trial.**

There was a Motion to Substitute counsel filed in both cases, which was granted. (1CR at 13; 2CR at 12). There was also a Motion for Community Supervision filed in both cases. (1CR at 16; 2CR at 15). There were no other motions filed and thus, no pretrial rulings adverse to Mr. Kwarteng.

**C. Compliance With Texas Code of Criminal Procedure Article 26.13 and, if Appropriate, *Padilla v. Kentucky*, 559 U.S. 356 (2010).**

Mr. Kwarteng entered a plea of guilty for both cause numbers. (1CR at 17-18; 2CR at 16-17; RR Vol. 1 at 4). Mr. Kwarteng is a citizen of the United States therefore *Padilla* is inapplicable. (2Supp CR at 4, 15). The trial court prepared written admonishments for Mr. Kwarteng, defense counsel, and the prosecutor to sign. (1CR at 19-20; 2CR at 18-19). The written admonishments complied with Texas Code of Criminal Procedure Article 26.13. Mr. Kwarteng signed the document declaring, "I have read and I understand the

admonishments set out above. I understand my plea's consequences." Tex. Code Crim. Proc. Art. 26.13(d); (1CR at 20; 2CR at 19).

**D. <u>Whether the Issue of Competency was Raised Prior to Sentencing, so as to Warrant an Inquiry by the Court, and Whether Appellant was Mentally Competent When the Court Accepted the Plea.</u>**

The issue of competency was not raised in the trial court. "The constitutional standard for competency to stand trial asks whether the defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." *Turner v. State*, 422 S.W.3d 676, 689 (Tex. Crim. App. 2013), *reh'g denied* (Apr. 2, 2014)(citing *Dusky v. U.S.*, 362 U.S. 402, 402 (1960).

Mr. Kwarteng declared in the plea admonishment documents that he signed, "I am mentally competent. I understand the charges against me, and I understand the nature of these proceedings. I am freely and voluntarily pleading guilty." (1CR at 19; 2CR at 18). There were no mental health issues in the PSI. (2Supp CR at 17). There was nothing in the Reporter's Record to raise concerns about the competency of Mr. Kwarteng. (RR Vol. 1 at 1-10).

**E. Whether Appellant's Plea was Freely and Voluntarily Made.**

"In considering the voluntariness of a guilty plea, the court should examine the record as a whole." *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)(en banc)(citing *Williams v. State,* 522 S.W.2d 483, 485 (Tex. Crim. App. 1975)).

> A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily. *Ex parte Gibauitch,* 688 S.W.2d 868 (Tex.Crim.App.1985). A defendant may still raise the claim that his plea was not voluntary; however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Id.* at 871.

*Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)(en banc).

Mr. Kwarteng declared in writing, "I am freely and voluntarily pleading guilty." (1CR at 19; 2CR at 18). There is nothing to indicate otherwise in the record. Mr. Kwarteng was also properly admonished under Texas Code of Criminal Procedure Articles 1.15 and 26.13. *See* Sections C and J.

**F. Any Adverse Rulings During the Sentencing Hearing on Objections or Motions.**

There were no objections by defense counsel during the sentencing hearing.

**G. Any Failure on the Part of the Appellant's Trial Counsel to Object to Fundamental Error.**

After a thorough review of the record, no fundamental error is apparent.

**H. Whether the Sentence Imposed was Within the Applicable Range of Punishment.**

Aggravated assault is a second degree felony which "shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 20 years or less than 2 years." Tex. Pen. Code §§ 22.02(b); 12.33(a). A second degree felony also carries a potential $10,000 maximum fine. Tex. Pen. Code § 12.33(b). The sentence imposed was 10 years imprisonment in the Texas Department of Criminal Justice without a fine on each case, to run concurrently. (1CR at 26; 2CR at 25; RR Vol. 1 at 8). The sentence imposed was within the applicable range of punishment.

**I. Whether the Written Judgment Accurately Reflects the Sentence That was Imposed and Whether any Credit was Properly Applied.**

The written judgment accurately reflects the sentence that was imposed. (1CR at 26-27; 2CR at 25-26). Credit was properly applied for Mr. Kwarteng's time in custody since the arrest. (1CR at 6, 26; 2CR at 25).

## J. **Whether There is Evidence to Support a Guilty Plea in a Felony Case.**

Mr. Kwarteng agreed to stipulate to the evidence and gave a written judicial confession to both indictments, which contained all of the required elements of the offenses. (1CR at 17-18; 2CR at 18-19); Tex. Code Crim. Proc. Art. 1.15. He also waived his rights in compliance with article 1.15: "I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination." (1CR at 17; 2CR at 18). The Court of Criminal Appeals has held:

> No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty 'without sufficient evidence to support the same.' Evidence offered in support of a guilty plea may take many forms. The statute expressly provides that the defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy; and such a proffer or stipulation of evidence will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense.

*Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009)(internal citations omitted).

There was sufficient evidence to support the guilty pleas.

## K. Examination of the Record to Determine if the Appellant was Denied Effective Assistance of Counsel.

A thorough examination of the record reveals that Mr. Kwarteng was not denied effective assistance of counsel.

## Prayer

For the reasons above, Appellant respectfully urges that this appeal presents no non-frivolous issues or grounds for relief. Appellant's Counsel respectfully requests that this Court grant the motion to withdraw. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). Appellant urges this Court grant such other relief as he may be entitled.

Respectfully submitted,

\_\_/s/ Emily Detoto_____
EMILY DETOTO
State Bar No. 00797876
917 Franklin, 4TH Floor
Houston, Texas 77002
(713) 227-2244
(713) 222-5840 (fax)
emilydetoto@mac.com

Counsel for Appellant

## Certificate of Service

I hereby certify that a true and correct copy of the *Anders* Brief for Appellant was electronically delivered to Mr. Alan Curry, Appellate Division Chief, Harris County District Attorney's Office, on this 30th day of January 2015.

_____/s/ Emily Detoto_____
EMILY DETOTO

## Certificate of Compliance

I hereby certify, pursuant to Rule 9.4 of the Texas Rules of Appellate Procedure, that the instant brief is computer generated using Microsoft Word for Mac and said computer program has identified that there are 1,805 words within the portions of this brief required to be counted by Rule 9.4(i)(1)&(2) of the Texas Rules of Appellate Procedure. The document was prepared in proportionately spaced typeface using Times New Roman 14 for text and Times New Roman 12 for footnotes.

_____/s/ Emily Detoto_____
EMILY DETOTO

## Certificate of Notice to Appellant

The undersigned counsel affirms that the Notice to Client, *infra*, has been given to the appellant, Mr. Michael Kwarteng, regarding his right to examine the appellate record and to file a pro se responsive brief.

_____/s/ Emily Detoto_____
EMILY DETOTO

## Notice to Client

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967) and Texas Rules of Appellate Procedure 34.5(g) and 34.6(h), as the appellant, you have the automatic right to examine the record on appeal and file a *pro se* responsive brief arguing that there are meritorious issues to appeal. A defendant who intends to file a responsive brief must notify the Court in writing within 14 days of receipt of the *Anders* brief and have the Court of Appeals set forth a date by which the brief will be filed.

_____/s/ Emily Detoto_____
EMILY DETOTO